### LUCIA E. CALKINS vs. CITY OF SPRINGFIELD.

Hampden.     September 23, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care a Question for the Jury.*

If, in an action for personal injuries occasioned to the plaintiff by falling on a sidewalk of the defendant city, the plaintiff testifies that he was walking as he usually did, that he was not in a hurry, that he took no particular notice of the place where he fell, that it occurred to him that it was about time to turn on to another street, and that he was not thinking of what he was going after or whom he was going to see, and there is no other evidence of his due care, the question is for the jury.

TORT, for personal injuries occasioned to the plaintiff while walking on the sidewalk on Dale Street in the defendant city. The notice to the defendant stated that the cause of the injury was that "the sidewalk was uneven, irregular, and in a depressed condition, was coated with ice and snow, was rough, hubbly, slippery, and unsafe, by reason of which she fell."

At the trial in the Superior Court, before *Dewey,* J., there was evidence tending to show that in the afternoon of January 23, 1895, the plaintiff was coming from her home to South Main Street, passing through Dale Street; that when in about the centre of the walk, some nine or ten feet south from Winthrop Street on Dale Street, she slipped and fell backwards on her back and head, and was injured; and that she did not notice what she slipped on.

On direct examination she testified as follows:

" *Q.* Now when you slipped up, were you walking fast or slow? *A.* My usual way.

" *Q.* Where were you looking when you slipped? *A.* I was walking and looking as I naturally do."

On cross-examination, she testified that she was not in a hurry, that she was going to South Main Street on an errand, that she had been on Dale Street once or twice before, but could not say that she had been there during that winter, that she took no particular notice of the condition of the place where she fell, that it occurred to her that it was about time to turn on to

Winthrop Street, and that she was not thinking of what she was going after or whom she was going to see. There was no other evidence as to the due care of the plaintiff at the time of the alleged injury.

The defendant asked the judge to rule that the plaintiff could not recover, because "there is no evidence that she was in the exercise of due care, but there is evidence that she was not in the exercise of due care."

The judge refused so to rule, but left the question of due care to the jury, with instructions, to which no exceptions were taken except as to their being inconsistent with the foregoing request.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant.

*D. E. Leary*, for the plaintiff.

FIELD, C. J. The question of the due care of the plaintiff on the evidence was for the jury. *Fuller* v. *Hyde Park*, 162 Mass. 51. *George* v. *Haverhill*, 110 Mass. 506.

*Exceptions overruled.*