7984

### McBRAYER v. VIRGINIA-CAROLINA CHEMICAL CO.

MASTER AND SERVANT—ISSUES.—A foreman of a fertilizer factory in charge of laborers and directing them where and how to work represents the master, and if a laborer is injured while obeying his instructions as to how to do the work after expressing apprehensions of danger the master is liable unless the servant is guilty of contributory negligence or has assumed the risks. Here the evidence

as to the master's neglignce and as to contributory negligence and assumption of risks on the part of the servant being susceptible of more than one inference, nonsuit should not have been granted.

Before W. B. Gruber, Special Judge, Cherokee, June term, 1910. Reversed.

Action by Joseph McBrayer against Virginia-Carolina Chemical Company. Plaintiff appeals.

*Messrs. N. W. Hardin* and *Sanders & DePass,* for appellant. *Mr. Hardin* cites: *Question of negligence of defendant is res judicata:* 43 S. C. 221, 246; 45 S. C. 319; 60 S. C. 58. *Judge could not lawfully hold that the contributory negligence of plaintiff or his assumption of risks was the proximate cause of his injury:* 44 S. C. 317; 86 S. C. 534. *Nor could he so hold under the evidence:* 82 S. C. 549; 84 S. C. 364; 97 Am. St. R. 877; 1 Labatt 1237, 1052, note bb., 1239. *'Under facts here doctrine of assumption of risks cannot avail defendant:* 24 N. W. 311; 67 N. W. 799; 10 Ind., 554; 1 Labatt, sec. 2; 84 S. C. 286.

*Messrs. Sanders & DePass* cite: *Who are fellow servants:* 71 S. C. 56; 76 S. C. 539. *When servant is guilty of contributory negligence in obeying orders of master:* 82 S. C. 549; 85 S. C. 372.

*Messrs. Butler & Hall,* contra, cite: *Where plaintiff admits the defense by his evidence nonsuit is proper:* 23 S. C. 289; 46 S. C. 216; 53 S. C. 362; 29 S. C. 100; 44 S. C. 318; 80 S. C. 539; 81 S. C. 522, 46 S. E. 674; 72 S. C. 242, 348; 80 S. C. 232; 86 S. C. 116. *Servant knew the danger and assumed the risks:* 68 S. C. 55; 73 S. C. 498; 71 S. C. 56; 85 S. C. 363; 53 U. S., L. Ed. 281; 77 S. C. 328; 55 S. C. 483.

July 26, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff was injured while working in defendant's fertilizer factory. At the time of his injury, he was engaged with other laborers in digging down a large pile of material composed of ground phosphate rock mixed with sulphuric acid. The pile was from 25 to 30 feet high and about 100 feet long, and originally shaped somewhat like a railroad fill or embankment with sloping sides, the loose material being dumped on it from above. Owing to a difference in the character of the phospate rock used, some parts of the pile were dense and hard, while others were more yielding and loose like sand, and would, therefore, more readily slide down from the pile as the supporting mass beneath was removed. Plaintiff and another laborer were digging it down with picks, so that others could shovel it into wheelbarrows and carry it to the mixers. The pile had been cut into for some distance from the bottom, until its side for some distance up had become nearly if not quite perpendicular. Plaintiff was working under the direction of John Byers, who was defendant's general foreman of work, with authority to employ and discharge hands, and direct them what to do and where and how to work. He had authority to direct how the pile was made and how it should be dug down and removed. Byers ordered plaintiff to dig a trench at a particular place in the pile and plaintiff proceeded to do so, but stopped, saying it was dangerous. Byers ordered him to go on digging. He said he thought there was danger, but waived his own judgment and relied upon that of the foreman, and obeyed his orders. While digging the trench, the pile fell on him and he was injured.

The Court granted a nonsuit on the ground that plaintiff's injury was caused by his own contributory negligence and was the result of a risk which he assumed.

It is the duty of the master to furnish his servant with a safe place to work and also a safe method of doing the work. Under the circumstances stated, Byers was the representative of the master in ordering the plaintiff to cut the trench

in the pile, and in telling him where on the pile to cut it. If, in doing so, he was guilty of negligence which resulted in plaintiff's injury, defendant would be liable, unless the plaintiff was guilty of contributory negligence, or unless his injury was the result of a risk which he assumed. In *Stephens* v. *Ry.*, 82 S. C. 549, 64 S. E. 601, the rule as to when a servant will be guilty of contributory negligence in obeying an order of the master is thus stated: "To show contributory negligence, it is not sufficient that the employee receiving the order should have misgivings, and believe the act required to be hazardous, unless the danger is so imminent and obvious that a man of ordinary prudence would not incur it. If there is ground for reasonable difference of opinion as to the danger, the servant is not bound to set up his judgment against that of his superior whose orders he is required to obey, but he may rely on the judgment of such superior. The matter is thus well stated by Mr. Justice Holmes in *McKee* v. *Tourtellotte*, 167 Mass. 68, 44 N. E. 1071, 1072: 'When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right. But if against his judgment is set the judgment of a superior, one, to whom from the nature of the callings of the two men and of the superior's duty, seems likely to make the more accurate forecast, and if to this is added a command to go on with the work and run the risk, it becomes a complex question of the particular circumstances, whether the inferior is not justified as a prudent man in surrendering his own opinion and obeying the command. The nature and degree of the danger, the extent of plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down.' The numerous authorities sustaining this statement of the law are collated in the note in *Houston etc. Ry. Co.* v. *DeWalt*, 97 Am. St. 877." *Lyon* v. *Ry.*, 84 S. C. 391, 66 S. E. 282; *Lowe* v. *Ry.*, 85 S. C. 372, 67 S. E. 460. A similar rule prevails with regard to the assumption of risk

in obeying an order of the master, and in continuing in the service after knowledge of risk or danger, or of defects in the machinery or appliances or place to work furnished by the master. If the evidence is susceptible of more than one inference, it is a question for the jury. *Bussey* v. *R. Co.,* 52 S. C. 438, 30 S. E. 477; *Mew* v. *Ry.,* 55 S. C. 90, 32 S. E. 828.

In this case, the evidence tending to show negligence on the part of defendant and contributory negligence and assumption of risk on the part of plaintiff was susceptible of more than one inference. It was, therefore, error to grant the nonsuit. This case is distinguished from *Martin* v. *Royster Guano Co.,* 72 S. C. 237, 51 S. E. 680, because in that case there was no testimony that the foreman ordered Martin to work at the particular place at which he was injured, or that he ordered him to remain there and work after he became apprehensive of danger.

Reversed.