### 10309

### RIKARD v. MIDDLEBURG MILLS.

#### (101 S. E. 643.)

MASTER AND SERVANT—WHERE EVIDENCE SHOWS FAILURE TO PROVIDE SAFE PLACE, NEGLIGENCE IS QUESTION FOR JURY.—Where a master fails to provide a safe place for servant to work, resulting in injury to the servant he is *prima facie* negligent, and question is for jury.

Before MAULDIN, J., Lexington, Spring term, 1919. Affirmed.

Action by Elmer L. Rikard against Middleburg Mills. Judgment for plaintiff, and defendant appeals.

*Messrs. C. M. Efird* and *R. B. Herbert,* for appellant, submit: *His Honor should have directed verdict for the defendant on the ground that there was no evidence as to what was the proximate cause of the accident, and no evidence of negligence on the part of the defendant:* 45 S. C. 278; 22 S. E. 883; 72 S. C. 403; 97 S. C. 114; 69 S. C. 530; 48 S. E. 538.

*Messrs. E. L. Asbill, Barret Jones* and *Timmerman, Graham & Callison,* for respondent. *Mr. E. L. Asbill* submits: *The rules governing nonsuits apply to motions to direct a verdict:* 96 S. C. 153; 109 S. C. 101. *It may be that no one fact would of itself warrant the inference of negligence, and yet, when taken together, they produce belief, which is the object of evidence:* 14 Rich. 237; 75 S. C. 334; 55 S. E. 774; 76 S. C. 388; 57 S. E. 194; *State v. Redman. The weight of the testimony being for the jury, the case should not be taken from them where there is any testimony supporting plaintiff's claim:* 97 S. C. 331; 81 S. E. 484; 97 S. C. 403; 100 S. C. 389; 84 S. E. 880; 98 S. C. 125; 82 S. E. 275; 98 S. C.-396; 82 S. E. 433; 99 S. C. 364; 83 S. E. 633; 100 S. C. 296. *It is the duty of the master to provide a reasonably safe place for the servant to work; and when there is testimony tending to show that there was a failure of duty in this respect, in consequence of which failure the servant sustained injury, it makes out a prima facie case of negligence on the part of the master:* 72 S. C. 130; 69 S. C. 387; 35 S. C. 405; 93 S. C. 396; 35 S. C. 406. *It is the general duty of the master to exercise due care in the selection of its servants:* 71 S. C. 57.

December 22, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, on account of personal injuries sustained by the plaintiff through the wrongful acts of the defendant.

The first and second paragraphs of the complaint set out that the defendant is a corporation under the laws of the State of South Carolina, and the plaintiff a resident of Lexington county. Paragraphs 3 and 4 are as follows:

"(3) That on or about February 12, A. D. 1918, the plaintiff herein, Elbert L. Rikard, was in the employ of the defendant herein, and as such employee on said date he was

ordered and directed by the defendant to open up the door
of the warehouse of defendant or where the defendant kept
its bales of cotton and get out certain bales of cotton from
the said warehouse for the use of the defendant in its busi-
ness in the manufacture of cloth; the plaintiff working for
the defendant at that time for $13.50 per week.    This plain-
tiff, as ordered and directed by the defendant, in the line of
his duty as such employee of the defendant, went to the
said warehouse of the defendant as directed and opened the
door of the said warehouse as was necessary for the purpose
of getting the bales of cotton as ordered and directed by
defendant; he going to the proper door of said warehouse
and opening the same to get the said bales of cotton out of
said warehouse.    When the plaintiff opened the said ware-
house door, one of the bales of cotton of the defendant,
which had been negligently, insecurely, dangerously, care-
lessly, wilfully, and wantonly and unsafely stacked by the
defendant in front of said door to the said warehouse,
slipped and fell to the platform on which plaintiff was stand-
ing in front of said door of said warehouse, striking this
plaintiff and causing him to lose his balance and fall or
leave the platform to the ground below, a distance of 10 or
12 feet or more, plaintiff striking the ground in such way
as to dislocate his knee, badly twisting the ligaments of the
said knee and otherwise injuring the said knee and the body
and the nerves of this plaintiff.    That it was the duty of the
defendant, Middleburg Mills, to protect the plaintiff and to
keep him in a reasonably safe place to work.

"(4) That on account of the carelessness, recklessness,
wilfulness, wantonness, and negligence of the defendant, its
agents and servants and employees, and on account of
defendant's failure to exercise due care in selecting its
employees, agents, and servants to properly and safely stack
the bales of cotton which fell and caused plaintiff to fall and
be injured, it having selected negligent, incompetent, care-
less, and wanton agents, servants, and employees to stack

the said bales of cotton, this plaintiff was severely and permanently injured in the manner stated to his damage in the sum of $20,000."

The answer of the defendant was a general denial, contributory negligence, and assumption of risk.

There was testimony tending to prove the allegations of the complaint.

One of the specifications of negligence on the part of the defendant was that it failed to provide a safe place for the plaintiff to work.   As we have already stated, there was testimony to that effect.   And, likewise, that the plaintiff was thereby injured.   These facts made a *prima facie* showing of negligence, and such issue was properly submitted to the jury.

The case of *Wood v. Victor Manufacturing Co.,* 66 S. C. 482, 45 S. E. 81, shows that the defenses of contributory negligence and assumption of risk were also properly submitted to the jury.

Affirmed.