12285

### WATSON v. CHARLESTON STEVEDORING CO.

(139 S. E., 778)

Master and Servant—Mere Proof of Breaking of Guy Line to Boom, Causing Death of Hatch Tender, Held Insufficient for Jury.—In action against stevedoring company for death of hatch tender caused by breaking of rope or guy line attached to swinging boom, failure of plaintiff to produce any evidence of negligence excepting the mere fact of breaking of rope entitled defendant to directed verdict.

Before Bonham, J., Charleston, April, 1926. Affirmed.

Action by Lucinda Watson, administratrix of the estate of Isaiah Watson, deceased, against the Charleston Stevedoring Company. Judgment for defendant, and plaintiff appeals.

The following is the complaint and the order of the trial Judge granting defendant's motion for nonsuit:

### COMPLAINT

The substance of the complaint is as follows:

"That on the 9th day of April, 1925, defendant was engaged in unloading the cargo from a vessel known as Storm King at Charleston, S. C., and said Isaiah Watson was instructed by defendant to assist in the unloading of said vessel in the capacity of a hatch tender, his main duties, on that day, being to stand on the deck of said vessel and to signal the winch or engine man when to stop and start the engine. That while in the employ of defendant and actually engaged in said occupation, on said day, the said Isaiah Watson was standing at the place on said vessel designated by defendant, when suddenly a defective rope or guy line, attached to a swinging boom, which said boom and rope were being used by defendant in the operation of unloading heavy weights from said vessel, broke and swung loose, and swung and wrapped itself around the neck of said Isaiah

Watson, and caught and lifted him and hurled him with great force from said vessel about 20 feet or more down to the dock or wharf at which said vessel was being unloaded. That as the result of being hurled to and on said wharf as aforesaid, the said Isaiah Watson was seriously hurt and injured, his skull was fractured, and as a direct result of said injuries the said Isaiah Watson died on April 12, 1925.

"That the death of Isaiah Watson was due directly and proximately to the willfulness and negligence of defendant, its servants and agents, in the following particulars, to wit:

"(a) In willfully and negligently failing to provide for said Isaiah Watson a safe place to work on said vessel on said date, to wit, April 9, 1925.

"(b) In willfully and negligently failing to use and provide on said date, rope or apparatus sufficiently strong to keep from breaking while operating machinery which involved lifting heavy weights from said vessel where the said Isaiah Watson was working.

"(c) In willfully and negligently failing to inspect said rope and apparatus prior to using same in the operation of unloading said vessel on said date.

"That it was the duty of defendant to have used and furnished safe and strong rope and appliances on said date for the work of unloading said vessel and to have inspected said rope and appliances before using same, and defendant failed utterly to perform said duties in respect to said Isaiah Watson.

"That by reason of said death of Isaiah Watson due to the willfulness and negligence of defendant as aforesaid the said widow and children have been deprived of the comfort and support of a husband and father and this plaintiff, on behalf of the aforesaid widow and children, has suffered damage in the sum of $25,000."

ORDER

At the close of plaintiff's case the defendant having made a motion for a nonsuit and counsel on both sides having been heard, it appears to the Court that the Supreme Court has established the principle that to make out her case the plaintiff prove something more than the mere breaking of the machinery or appliance. *Holmes v. Davis,* 126 S. C., 231; 119 S. E., 249; *Evatt v. Piper Roofing Co.,* 128 S. C., 390; 123 S. E., 203; *Turner v. Poe Mfg. Co.,* 97 S. C., 112; 81 S. E., 430; *Edgens v. Gaffney Mfg. Co.,* 69 S. C., 529; 48 S. E., 538; *Nichols v. Seaboard Air Line Ry. Co.,* 122 S. C., 359; 115 S. E., 323.

There is in this case no evidence of any defect in the rope or of any negligence on the part of the defendant. The bare proof shows only that the rope broke and as to what caused it to break is left wholly to conjecture. There is not a scintilla of evidence of any failure to inspect, of the rope being too small or subjected to too heavy a strain, or that it was worn, or rotten, or otherwise defective, or that it was subjected to any sudden jerk or of any other facts or circumstances tending to show negligence on the part of the defendant. The decisions of the Supreme Court are clear that the bare proof of the machinery or appliance breaking or failing to function is of itself not enough to warrant sending the case to the jury.

The cases along the line of *Kell v. Rock Hill Fertilizer Co.,* 123 S. C., 199; 116 S. E., 97, where there was evidence that the force of hands supplied was inadequate, or *Lester v. Carolina, Clinchfield & Ohio Ry.,* 93 S. C., 395; 76 S. E., 976, and *Watson v. Atlantic Coast Line R. Co.,* 91 S. C., 127; 74 S. E., 121, where there was evidence that the appliance was defective, are inapplicable to the present case where there is an entire absence of any testimony that the rope broke because it was defective.

The Court feels reluctant to grant a nonsuit in any case, but in the absence of any testimony to take the case out of the rule laid down in *Holmes v. Davis* and the other cases first cited, I cannot do otherwise than apply the rules laid down in those decisions to the facts proved in this case.

It is therefore ordered that the motion for a nonsuit be and the same hereby is granted.

*Messrs. H. L. Erckmann* and *B. H. Mathews,* for appellant, cite: *Evidence of negligence:* 123 S. C., 205; 69 S. C., 530. *Same, prima facie:* 93 S. C., 396; 91 S. C., 128; 126 S. C., 326; 35 S. C., 407; 101 S. C., 83; 133 S. E., 551; 18 S. C., 279; 81 S. C., 203; 206 Fed., 415; 109 Fed., 665; 29 Cyc., 595; 86 S. C., 137; 158 Fed., 54. *Cases distinguished:* 72 S. C., 402; 126 S. C., 231; 128 S. C., 390; 122 S. C., 359; 97 S. C., 112.

*Messrs. Mitchell & Horlbeck,* for respondent, cite: *Law as to "Res Ipsa Loquitur":* 122 S. C., 359; 126 S. C., 231; 128 S. C., 390; 97 S. C., 112; 69 S. C., 529. *Bare proof of the machinery or appliance breaking or failing to function is of itself not enough to warrant sending case to jury:* 128 S. C., 390, 392; 72 S. C., 402; 122 S. C., 359; 97 S. C., 112; 48 S. E., 538. *Cases distinguished:* 126 S. C., 326; 35 S. C., 407; 93 S. C., 395; 101 S. C., 83; 135 S. C., 167; 18 S. C., 279; 81 S. C., 203; 123 S. C., 199; 91 S. C., 127. *Master charged with exercising reasonable care in furnishing safe place in which to work; not a guarantor of such safety:* 134 S. C., 31.

October 13, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The order of his Honor, Judge Bonham, granting a nonsuit in this case, is entirely satisfactory, and for the reasons stated by him is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.