12690

BAILEY v. UNION-BUFFALO MILLS CO.

(148 S. E., 703)

Messrs. *Barron, Barron & Barron,* and *John K. Hamblin,* for appellant,

Messrs. *Elliott & McLain,* and *J. G. Hughes,* for respondent,

June 27, 1929.

The opinion of the Court was delivered by Mr. JUSTICE COTHRAN.

This is an action for damages on account of a personal injury alleged to have been sustained by the plaintiff, an employee of the defendant, as a result of the negligence of the defendant in not providing him with a safe place in which to work. From a judgment entered upon a directed verdict in favor of the defendant upon the ground that the evidence discovered no negligence on the part of the defendant the plaintiff has appealed.

The evidence taken, as we must, in the most favorable view in behalf of the plaintiff, tended to establish the following facts:

The plaintiff was engaged in the defendant's weaveroom, his duty being to convey cloth from the looms in that room to the cloth room upon a lower floor, reached by an elevator. He was using what is called a cloth truck, a small boxlike wagon on four wheels, which when loaded was rolled by him down an alley between rows of looms to the elevator at the far end of the room. He had been at work in the morning, and returning after dinner found that some one had left a stepladder in the alley down which he was moving the cloth truck. This ladder was 6 or 8 feet high, and according to the plaintiff's testimony was customarily moved from one point to another along the floor; in fact it was known as a push ladder. It had to be moved to enable the plaintiff to pursue his work. He had pushed it down the alley a distance of about 150 feet when the foot of the ladder struck what is called a cupped up place in the floor, where two transverse pieces of flooring had swelled up about a quarter of an inch, due possibly to having been wet. When the ladder struck this defective place in the flooring it was switched around and struck him upon the shin, causing an injury which he claims to have produced considerable pain and loss of time.

There is no question but that there was a defect in the floor, and according to the plaintiff's testimony an injury was sustained by reason of it; from this a presumption arose that the defect was due to the negligence of the defendant. If, as the plaintiff claims, the ladder was intended to be moved by being pushed along the floor, it was clearly the duty of the defendant to exercise reasonable care in providing the employee with a reasonably safe floor. The presumption followed from the defect and the injury that this duty was not performed, which raised a question for the jury to decide. We think therefore that it was error on the part of the Circuit Judge to direct a verdict in favor of the defendant.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.