13168

JACKSON v. BROCK, *ET AL.*

(159 S. E., 22)

January, 1930.

*Messrs. Carlisle, Brown & Carlisle,* for appellant,

*Messrs. Albert E. Hill* and *C. C. Brown,* for respondents,

June 8, 1931.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for damages on account of personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendants. The case was tried before his Honor, Judge Mauldin, and a jury at Spartanburg in April, 1930, and resulted in a verdict for the plaintiff in the sum of $1,916.00, upon which judgment was duly entered. The defendants have appealed upon several grounds, but as we view the evidence it will only be necessary to consider

the refusal of the presiding Judge to grant the motion for nonsuit upon the ground that there was no evidence tending to show actionable negligence or breach of duty on the part of the defendants.

The testimony offered on behalf of the plaintiff tended to show the following facts:

On the day of the injury a carload of steel beams were being unloaded at the P. & N. station in Spartanburg and being hauled to a nearby mill.

By means of a derrick the beams were being hoisted from the car, one at a time, and placed on the ground, one end resting upon crossties; when three beams were thus placed together, a chain from the derrick arm was placed around the beams near the middle so as to balance the load and the boom was guided or swung around by the workmen, one of whom was the plaintiff Jackson; in the swinging of the boom the beams were steadied and guided by the workmen with their hands; while in the act of swinging the beams to be loaded upon a truck, the chain which was around them slipped or came loose causing the beams to fall, one of which struck the plaintiff, who was in the act of guiding the load with his hand, injuring his leg to such an extent that it had to be amputated.

The evidence does not disclose the cause of the slipping of the chain; no defect of any kind is shown to have existed in the chain or in the hook attached to its end nor in any part of the machinery of the derrick.

It was impossible to distinguish this case from the many cases decided by this Court holding that the failure of an appliance to function while being used in the ordinary way is insufficient to raise a presumption that it was defective, and raise the further presumption that the defect was due to the negligence of the master. The latest case upon the subject is *Watson v. Stevedoring Co.*, 141 S. C., 355, 139 S. E., 778. The syllabus in that case is as follows: "In action against Stevedoring Company for

death of hatch tender caused by breaking of rope or guy line attached to swinging boom, failure of plaintiff to produce any evidence of negligence excepting the mere fact of breaking of rope entitled defendant to directed verdict." That case was tried before Hon. M. L. Bonham, Circuit Judge, now an Associate Justice of this Court, whose order granting a nonsuit (and not a directed verdict as indicated in the syllabus) seems to be all that is necessary to have sustained a nonsuit in the present case.

It may be added, however, that in the brief of counsel for respondent it is said: "The testimony shows that by some manner the derrick or boom jerked and the chain loosed or slipped," showing that counsel themselves are unable to do more than speculate whether the derrick or the boom was subjected to a jerk and whether the chain loosed or slipped. In the case of *Green v. R. Co.*, 72 S. C., 398, 52 S. E., 45, 5 Ann. Cas., 165, the Court said, sustaining nonsuit: "The cause of the accident is purely conjectural. * * * A servant cannot recover where it is merely a matter of conjecture, surmise, speculation, or supposition whether the injury was or was not due to the negligence of the master."

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, with direction to enter a judgment of nonsuit under Rule 27.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.