13514

McKINNEY v. WOODSIDE COTTON MILLS

(166 S. E., 499)

*Messrs. J. R. Martin* and *J. R. Martin, Jr.,* for appellant,

*Mr. Stephen Nettles* for respondent.

November 17, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries. The complaint alleges that for a number of years the plaintiff served in the capacity of night watchman for the defendant company at its Simpsonville plant; that his duties were "to go throughout and around the mill, buildings, warehouses and entire plant, making certain winds of clocks, a mechanical device furnished by the defendant as a check upon the actions and visits made by the plaintiff"; that among the winds maintained, and which plaintiff was required to visit, was one situated on the platform of one of defendant's warehouses; that this platform was about four feet above the ground and five feet wide, the floor being constructed of cement; that just in front of where this particular wind was located, there was a sunken place or depression in the concrete floor; that about 4 o'clock on the morning of May 28, 1930, while plaintiff was making one of his rounds, he stepped into this sunken place, which caused him to stumble and to fall from the platform; and that he was thereby severely injured.

The defendant made a motion for a nonsuit upon the following grounds: (1) That there was no evidence of actionable negligence; (2) that the plaintiff's own negligence contributed as a proximate cause to his injuries; and (3) that he assumed the risk. The Court granted the motion on the third ground, and plaintiff appeals.

It is elementary, as appellant suggests, that the Court, in passing upon defendant's motion for a nonsuit, was bound to consider the evidence in the most favorable light to the plaintiff (*Bailey v. Union-Buffalo Mills Co.,* 151 S. C., 83, 148 S. E., 703); that the assumption of risk is an affirmative defense (*Griffin v. Thayer,* 111 S. C., 456, 98 S. E., 201); and that, if the master would relieve himself of liability, "on the ground that the servant assumed the risk, he must show, not only that the servant knew the danger, or that it was so obvious that he should have known it, but also that he compre-

hended or appreciated it" (*Barnhill v. Cherokee Falls Manufacturing Company,* 112 S. C., 541, 100 S. E., 151, 152).

The trial Judge, in granting the order of nonsuit, made the following oral comment on plaintiff's testimony: "I have had the stenographer to read over this morning to refresh my mind Mr. McKinney's evidence. According to his own statement this depression in that platform had been there for two years, during all of which time, except on Saturdays and Sundays, he had been going up on that platform, and according to his own evidence, in order to get to the wind, as he called it, he had to cross this depression; then he had crossed it more than eight thousand times before this night, eight thousand, eight hundred and some odd times. He knew it was there according to his own testimony. No complaint was made by him about it being dangerous in any degree; the only complaint made by him, and that was some two weeks, according to his testimony, before he was hurt, was not that it was dangerous, but that there was water accumulating in it and he didn't like to wet his feet. That he knew it was there during the whole two years, there is no question about it, he says so himself, he testifies to it; he did testify that it got worse on account of rains and snow, but he didn't complain on that account, he testifies himself that ten times that very night that he got hurt that he had been on that platform and across this depression, and on the very night that he was hurt he said he knew it was there and was trying to get across it. From those facts, testified to by the plaintiff himself, there is not but one conclusion to arrive at and that was that he assumed the risk; and in a case of that kind it becomes the duty of the circuit Judge on motion to grant a nonsuit."

There can be no doubt, as stated by the Court, that the plaintiff knew that the sunken place or depression was in the concrete floor below the wind located on the platform, as he himself testified that it had been there for two years, and that during this period he had observed it

and passed over it many times. It is urged, however, that, even if he knew of the defect, "he did not comprehend or appreciate it as endangering his walking." We do not think this contention is meritorious. Clearly the circumstances disclosed by the testimony warranted the inference drawn by Judge Rice, and we are constrained to hold that this is the only inference of which the circumstances are susceptible. Although the appellant was 76 years old at the time of the accident, we find nothing in the evidence which tends to show that his intellect was weak or that he was not a man of ordinary understanding and intelligence. This being true, he evidently knew that, if he stepped into this depression, of the depth of four inches, he would be liable to fall and thereby injure himself. He was experienced in the work that he was employed to do, and knew all about the places that he was required to visit on his rounds, as he had been doing this work for defendant for seven consecutive years. He knew especially, as we have stated, about this particular sunken place. As held by the trial Judge, we think where a danger is so obvious and open as this was, if there was any danger, a person of ordinary understanding and intelligence would necessarily, in the circumstances disclosed by the testimony in this case, comprehend or appreciate it; and such person should not be heard to say otherwise.

The appellant also contends that, even if the trial Judge was correct in his conclusion that the danger was one which plaintiff fully comprehended or appreciated, he committed error in granting the nonsuit in the face of the testimony that the sunken place in the concrete floor had been called to the attention of defendant's chief mechanic, who had promised the plaintiff on two occasions that he would move the wind from the platform. We do not agree with appellant. It is true that he stated to defendant's chief mechanic that he wanted the wind moved, but he did not give as a reason that there was any danger of his falling or being injured because of the defect in the floor. And there is no

testimony that he was induced to continue in the employ of the defendant as its night watchman by the promise of the defendant that the wind would be changed.

Assumption of risk is peculiarly a question for the jury, and only in very rare cases should a trial Judge direct a nonsuit on this ground. Our careful consideration of the record before us, however, convinces us that this is one of those rare cases, and that the order of nonsuit was properly granted.

The judgment of the circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.