13765

MONTGOMERY v. CONWAY LUMBER CO.

(172 S. E., 620)

*Messrs. M. A. Wright* and *F. G. Burroughs,* for appellant,

*Messrs. E. S. C. Baker* and *G. Lloyd Ford,* for respondent,

February 2, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff while in the employ of the defendant. The complaint sets out that at the time mentioned plaintiff was in the employ of defendant as a laborer, engaged in loading lumber on a truck at defendant's lumber yard at Conway, S. C.; that near where plaintiff was set to work was a large pile of lumber, more than 12 feet in height and 4 feet in width, placed there by defendant, which fell upon plaintiff and inflicted the several injuries specified in the complaint. The allegations of negligence upon which plaintiff relies are, that he was put to work near this large pile of lumber, which contained 1,000 or 1,500 feet, that it had no crossings or sticks between the boards, and that defendant was negligent, careless, reckless, willful, and wanton in thus piling the lumber without sticks or crossing and without guards or protectors of any kind to prevent it from falling; that this unsafe condition was known to defendant, but was unknown to plaintiff, and no warning of it was given him; that thus defendant failed to furnish plaintiff a safe place to work and safe appliances and equipment with which to labor.

The defendant demurred to the complaint for that it does not state facts sufficient to constitute a cause of action, because: (a) It does not appear on the face of the complaint that the defendant through any agency or instrumentality of its own brought force or pressure to bear upon the pile of lumber so as to cause it to fall; (b) because it affirmatively appears from the complaint that the alleged condition of the pile of lumber was patent and obvious to plaintiff and known to him, or, with the exercise of reasonable prudence, would have been known to him, and that he assumed the risk of his employment in proximity to the pile of lumber.

Judge Mann overruled the demurrer, holding that the complaint does state facts which constitute a cause of action, and that the ends of justice would be subserved by proceeding with the case. He gave leave to plaintiff to amend his complaint in twenty days, if he be so advised.

The appeal is from this order, and was founded upon three exceptions as follows:

(1) (a) There is no allegation in the complaint that appellant, through any agency or instrumentality of its own, brought force or pressure to bear upon the pile of lumber which caused it to fall; (b) there is no allegation in the complaint of any act or conduct of the appellant which was the proximate cause of the injury complained of.

The second exception is abandoned and need not be repeated.

(3) The Court erred in not providing in the order overruling the demurrer for leave to appellant to answer upon reasonable terms.

The argument in support of the demurrer proceeds upon the proposition that the complaint does not allege any facts which show negligence on the part of the defendant which was the proximate cause of the injuries of which plaintiff complains. It is argued that the complaint merely alleges that the pile of lumber fell, and plaintiff suffered injuries; therefore the defendant, who had employed

plaintiff, should compensate him. In other words, defendant urges that plaintiff is standing upon the doctrine *res ipsa loquitur,* which rule of law is not of force in this State.

It is true that the said rule is not of force in this State, but we think the present case differs from the cited cases and others of like import. For instance, the *Weston v. Hillyer case,* 160 S. C., 541, 159 S. E., 390, and *Watson v. Stevedoring Co.,* 141 S. C., 355, 139 S. E., 778, and *Governor v. A. C. L. Ry. Co.,* 154 S. C., 113, 151 S. E., 229, did not go off on demurrer, but on nonsuit granted on the ground that the evidence did not show that the acts of negligence alleged in the complaints were due to any negligence of the defendants which was the proximate cause of the injuries complained of.

In none of these cases was it alleged that the complaints did not show facts sufficient to constitute a cause of action. The plaintiffs went out of Court because they failed to support their allegations of negligence with evidence which showed actionable negligence, which was the proximate cause of the injuries.

Section 477 of the Code of Civil Procedure 1932 provides that: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

"On demurrer, all allegations of the complaint must be liberally construed in favor of plaintiff." *Harper v. Met. Life Ins. Co.,* 153 S. C., 478, 151 S. E., 60.

"The object of pleading has been declared to be to advise the parties of the issues involved in the cause. *Shelton v. Southern Ry. Co.,* 86 S. C., 98, 67 S. E., 899. Chief Justice Willard said, in *Mason v. Carter,* 8 S. C., 103: ' * * * When a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it are to be regarded as embraced in such averment.' " *Mortgage Loan Co. v. Townsend,* 156 S. C., 226, 152 S. E., 878, 886.

"We are to remember in that connection also two well-established rules of pleading. The first is, what is now an elementary proposition, that pleadings are to be liberally construed in favor of the pleader." *Temple v. Montgomery,* 157 S. C., 91, 153 S. E., 640, 642.

"Under the common-law rule, in case of doubt as to meaning, that construction was given to the pleading which was most unfavorable to the pleader, but by statute a more liberal rule has been adopted, with a view to substantial justice between the parties. Section 420, Vol. 1, Code 1922 (now Section 477, Vol. 1, Code 1932)." *Citizens' National Bank v. Hawkins,* 140 S. C., 43, 138 S. E., 541, 542.

Applying this rule of construction to the allegations of the complaint, the analysis discloses that the plaintiff alleges that the place at which he was put to work was unsafe by reason of the fact that there was stacked by defendant, at close proximity to him, a large pile of lumber; that, because of the negligent, reckless, willful, and wanton conduct of the defendant, no crossings or sticks had been placed between the boards, and there were no guards or protectors of any kind to keep it from falling; that defendant knew of this unsafe condition, but failed to advise plaintiff of it, who was not aware of it; that solely because of these alleged acts of negligence plaintiff was injured. It is a fair and reasonable inference, and a logical deduction from the language used in the complaint, that it was meant to allege that it was negligence not to place crossings or sticks between the planks in the pile of lumber 12 feet high and 4 feet wide; that, if such crossings or sticks had been so placed, the lumber would not have fallen; that, if guards or protectors had been placed on or about the lumber, it would not have fallen; that the lumber fell because of the negligent manner in which it was piled. For the purpose of the demurrer, these things thus alleged must be taken to be true. We think they entitle plaintiff to be heard in Court. It is needless to say that, if he fails to prove them by the proper

measure of evidence, and by the same measure of evidence to prove that the failure to do these things was negligence, and that such negligence was the proximate cause of his injury, he will fail in his action.

In their brief appellant's counsel say: "Evidently in the case at bar Judge Mann entertained serious doubt as to the sufficiency of the complaint, since in his order overruling the demurrer, without any motion having been made to that effect, he extended to the plaintiff an opportunity to amend his complaint. That opportunity has not been embraced. So that if the appeal in this case should be sustained, it should, of course, be done without further extension of opportunity for amendment of the complaint."

The appellant charges error to the Court, for that the order overruling the demurrer did not provide that defendant might answer the complaint. It does not appear from the record that Judge Mann was requested to include such privilege in his order, nevertheless, as plaintiff seems to have assumed that the appeal suspended the exercise of the right of amendment and held it in abeyance till the determination of the appeal, it is only just to hold that defendant's right to answer was also in abeyance; since, if plaintiff undertook to amend the complaint, defendant could not answer until such amended complaint was served.

The appeal is dismissed, and the order appealed from is affirmed. If plaintiff elects to amend the complaint, it must be done within ten days after the remittitur in this case goes down, and defendant is given leave to answer the amended complaint within twenty days after its service. If plaintiff does not amend the complaint, the defendant has leave to answer the complaint as it stands within twenty days after the remittitur in this case is filed in the office of the Clerk of the Court for Horry County.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.