16843

BARNWELL v. ELLIOTT *ET AL.*

(80 S. E. (2d) 748)

*Messrs. D. N. Rivers,* of Ridgeland, and *James Hugh McFaddin,* of Manning, *for Appellant,*

*John G. Dinkins, Esq.,* of Manning, *for Respondent,* 

March 11, 1954.

OXNER, Justice.

Appellant, Tom Barwell, an uneducated and unskilled Negro laborer about 40 years of age, while loading lumber on a truck on February 16, 1951, sustained a rather serious injury when a heavy piece of lumber fell from a nearby stack or pile behind him, striking one of his legs. He brought suit against respondents by whom he was employed in their sawmilling operations. Respondents entered a general denial and also pleaded contributory negligence and assumption of risk. On the trial of the case, timely motions were made for a nonsuit and a directed verdict. Both motions were refused and the jury found for appellant in the sum of $3,000.00. Thereafter the trial Judge set aside the verdict and entered

judgment *non obstante veredicto* for respondents upon the ground that appellant had failed to establish negligence. The sole question presented by this appeal is whether there is any testimony reasonably warranting an inference of negligence on the part of respondents in one or more of the specifications alleged in the complaint.

At the time of appellant's injury, the saw-mill had been moved. There was on the yard a pile of green lumber consisting, according to appellant's testimony, of 6x8's of varied lengths and described by the witnesses for respondents as being 6x6s' and 4x6's from 10 to 14 feet long. Appellant and four other laborers, along with respondents' superintendent, were engaged in loading this lumber on a truck. It was lifted by four men, two at each end, and was received by two men on the truck who placed the lumber as it was loaded. Appellant and the superintendent worked on the ground at the same end. There is quite a conflict in the testimony as to the position of the truck. Appellant testified that it was parked about one foot from the pile of lumber, while the witnesses for respondents estimated the distance from three to six feet. All the loading operations were directed by the superintendent. He told the laborers where to stand, how the lumber was to be loaded and had full control and direction of the job.

Appellant testified that after two or three pieces of 6x8's had been loaded and while facing the truck, a piece of lumber struck the back of his leg, knocking him down. He was unable to say where it came from or what caused it to fall.

Several employees engaged in loading this timber testified, but none saw the timber strike appellant and none was able to give any explanation as to why it fell. The superintendent, a witness for respondents, testified that the pile of timber was about 2½ feet in height and "stacked perfect"; that about fourteen or fifteen pieces had been loaded on the truck; and that at the time of the accident, he (the superintendent) was holding the end of one piece of timber which

had just been removed from the pile. The following is also taken from his testimony:

"Q. When you picked up the piece you had in your hand at the time of the accident, did you see the piece that later fell? A. Yes, sir.

"Q. Tell the jury what the condition of that piece was. A. Well, the pile was stacked straight up and these two pieces of six by six were on top of another six by six, there were three pieces of six by six, and I had just pulled off one which I had in my hand at the time, and Thomas (appellant) fell on my leg, fell over side of my leg—

"Q. Before you get there, when you picked up one, that left the piece that fell there? A. That's right.

"Q. What was the condition of that piece when you picked up your piece, what was its condition before it fell? A. It was lying perfect on top of the other piece in other words it wasn't hanging over the edge of nothing, right straight up over it.

\* \* \*

"Q. I want you to answer me this, I am not trying to tangle you up, but if this lumber was stacked perfect, why did it hit Tom on the leg? A. The piece didn't fall off the pile, because the piece that fell on the fellow's leg—

"Q. You didn't see the piece? A. I didn't see it, but when I moved the third piece which I was loading, I left two pieces back there, a six by six was on top of a six by six, and after I picked him up those pieces were laying side by side.

"Q. One of those fell off another? A. That's right.

"Q. And it was the next piece to the one you picked up? A. That's right.

"Q. And you picked it up, and Tom hadn't touched the piece you picked up? A. No, sir, in fact he hasn't touched it yet."

In the order granting judgment for respondents *non obstante veredicto,* after analyzing the evidence, the trial Judge concluded: "All we have is that the piece fell." He further

stated: "In the instant case to say that the mere fact that the timber fell is evidence of an unsafe place provided by the master would be to apply the rule of *res ipsa loquitur,* to indulge in surmise and conjecture."

If the question of negligence had to be determined solely from the testimony of appellant, who was unable to state the cause of the timber falling, the conclusion of the trial Judge would be correct. *Watson v. Charleston Stevedoring Co.,* 141 S. C. 355, 139 S. E. 778; *Jackson v. Brock,* 160 S. C. 471, 159 S. E. 22; *Weston v. Hillyer,* 160 S. C. 541, 159 S. E. 390; *Cullbreth v. Taylor-Colquitt Co.,* 168 S. C. 153, 167 S. E. 148. But in determining the question of negligence, all of the testimony must be considered. "We have held in numerous cases that, even though a nonsuit should have been granted at the conclusion of plaintiff's testimony, yet, if the deficiency of evidence was supplied either on direct or cross examination of defendant's witnesses, neither a nonsuit nor a directed verdict could be granted at the conclusion of all the testimony." *Eargle v. Sumter Lighting Co.,* 110 S. C. 560, 96 S. E. 909, 911.

It is elementary that negligence may be established by circumstantial evidence. *Thornton v. Seaboard Air Line Ry. Co.,* 98 S. C. 348, 82 S. E. 433; *Watson v. Coxe Bros. Lumber Co.,* 203 S. C. 125, 26 S. E. (2d) 401. And in considering the sufficiency of such evidence, "the facts and circumstances shown should be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates." *Leek v. New South Express Lines,* 192 S. C. 527, 7 S. E. (2d) 459, 462. The fact that the doctrine of *res ipsa loquitur* is not applied in this jurisdiction does not mean that negligence may not be established by circumstantial evidence as well as direct evidence. *Eickoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010. It is also important to bear in mind that the fact that an injury may have been caused in one of two or more ways does not pre-

clude recovery, "if the facts and circumstances in evidence warrant a reasonable inference that it was caused in any way alleged in the complaint for which the master would be liable." *Steele v. Atlantic Coast Line R. Co.*, 103 S. C. 102, 87 S. E. 639, 643.

■ When the entire evidence is considered in the light of the foregoing principles, we think there was enough to warrant the submission of the issue of negligence to the jury. The deficiency in appellant's testimony with respect to negligence was supplied by the testimony of the superintendent. While the quoted testimony of this witness may not disclose direct evidence of negligence, it shows circumstances warranting that inference. According to him the lumber was properly placed in the pile. Just after he had removed one 6x6 which he was still holding in his hand the 6x6 next to the one just removed fell and struck appellant's leg. A jury could infer that the superintendent either pushed off the pile the sill which struck appellant or negligently left it in such unbalanced position as to cause it to fall. The testimony negatives the conclusion that either the appellant or the other laborers did anything to cause this sill to fall. There is other testimony on the part of the superintendent to the effect that appellant would not have been injured had he been standing farther away from the pile of lumber. If this be true there is also a possible inference of negligence from placing the truck too close to the pile of timber. Although the testimony on that question is conflicting, appellant testified that the truck was parked within about a foot of the pile of lumber which was being loaded.

While not directly in point, the following cases tend to sustain our conclusion that the Court below erred in entering judgment for respondents: *McBrayer v. Virginia-Carolina Chemical Co.*, 89 S. C. 387, 71 S. E. 980; *Montgomery v. Conway Lumber Co.*, 171 S. C. 483, 172 S. E. 620; *Mullikin v. Southern Bleachery & Print Works*, 184 S. C. 449, 192 S. E. 665.

Not raised on this appeal is the interesting question of whether with respect to the work being done by the superintendent, he and appellant were fellow servants. For a review of our decisions on this question, see the recent case of *Wesley v. Holly Hill Lumber Co.,* 211 S. C. 40, 43 S. E. (2d) 619. Nor are we called upon to pass upon the defenses of assumption of risk and contributory negligence. The trial Judge held, from which there is no appeal, that respondents were not entitled to a judgment *non obstante veredicto* on these grounds.

In fairness to the trial Judge, it should be stated that in considering the motion of respondents for judgment *non obstante veredicto,* he had only before him the testimony offered by appellant and through the inadvertence of counsel was not furnished with the testimony of the superintendent which we have considered so material in determining the question presented.

The order granting judgment *non obstante veredicto* is reversed, and the case is remanded to the Circuit Court for entry of judgment in favor of appellant in accordance with the verdict of the jury.

Stukes and Taylor, JJ., and T. B. Greneker, A. A. J., concur.

Baker, C. J., dissents.

Baker, Chief Justice (dissenting).

I respectfully dissent from the prevailing opinion in this case.

If under *the facts* of this case as disclosed by the record, this Court is going to circumvent the law of this State that the *res ipsa loquitur* doctrine will not be applied, by holding that there is some circumstantial evidence from which the jury could infer negligence on the part of the defendants-respondents, then I think it best that we overrule the long line of decisions heretofore holding said doctrine inapplicable and frankly adopt it.

Whether the trial Judge had before him only the testimony offered by appellant and no part of the testimony offered by the defendants-respondents, does not appear in the record, but does appear in the brief of counsel for appellant. Even so, I can see nothing in the testimony offered on behalf of defendants-respondents, or even isolated excerpts therefrom, which in anywise strengthens the case of the appellant, and have no idea that said last-mentioned testimony would have affected the action of the learned trial Judge.

In connection herewith, and as a portion of this dissenting opinion, I adopt the Order of the trial Judge setting aside the verdict of the jury and granting judgment in favor of the defendants-respondents notwithstanding the verdict; and direct that his said Order be published herewith.

The following is the order of Judge E. H. Henderson:

The plaintiff was assisting in the loading of pieces of 6 x 8 timber upon a truck, when a piece fell from the nearby stack or pile, striking him on the leg and causing serious injury. The defendants moved for a directed verdict in their favor, one of the grounds being that there was no evidence of negligence on their part. The motion was refused. The jury rendered a verdict for the plaintiff in the sum of $3,000.00.

The present motion by the defendants for judgment notwithstanding the verdict was heard by me while presiding in the Third Circuit, and was taken under advisement.

The law is clear that a master has the duty to provide for his servants a reasonably safe place in which to work, but he is not an insurer of their safety, and is liable only for negligence.

The decision of this motion depends upon whether the case falls within the principle laid down in *Tucker v. Holly Hill Lumber Co.*, 200 S. C. 259, 20 S. E. (2d) 704, and like cases, that evidence of the failure of the master to provide a reasonably safe place in which to work makes out a

*prima facie* case of negligence, or whether the action is governed by *Weston v. Hillyer,* 160 S. C. 541, 159 S. E. 390, and similar cases.

After a careful study of these cases, aided by a transcript of a portion of the testimony, I feel convinced that a verdict should have been directed in favor of the defendants, and that consequently it is now my duty to grant the pending motion.

Analysis of the two lines of cases will show that while of course a *prima facie* case of negligence may be made by evidence that the master failed to provide a reasonably safe place for work, nevertheless there must be some evidence that he did fail to provide such reasonably safe place.

In the *Tucker case* five men were placed in a boat which was built to accommodate only three, at a time when the river was at flood stage, although on a previous trip with five men the water came within three inches of the top of the boat.

In *Grainger v. Greenville, S. & A. R. Co.,* 101 S. C. 73, 85 S. E. 231, there was evidence that the injured man was put to work digging under an overhanging bank of earth, which was likely to fall upon the workmen. The overseer was present, and his attention was called to the danger.

In the case of *Rikard v. Middleburg Mills,* 113 S. C. 137, 101 S. E. 643, there was evidence that when the plaintiff pushed open the door to the warehouse, as he was ordered to do, a bale of cotton, which had been insecurely and carelessly stacked in front of the door, fell and struck him.

There was evidence, in *Bunch v. American Cigar Co.,* 126 S. C. 324, 119 S. E. 828, that the day was dark and cloudy, there was no light at the door leading to the staircase and none on the staircase, there was a splotch of oil upon the floor into which the plaintiff stepped, and some of it stuck to her shoe. On the staircase she slipped and fell, due to the oil on her shoe.

It appears in the *case of Trimmier v. Atlanta & C. A. L. Ry. Co.,* 81 S. C. 203, 62 S. E. 209, that the railroad switch was defective or wrongly placed.

There was some testimony, in *Bailey v. Union-Buffalo Mills Co.,* 151 S. C. 83, 148 S. E. 703, that there was a defect in the floor.

In the present case I do not think that there is any evidence that the defendants had provided an unsafe place. There is no evidence that the timber was unevenly piled, or that any piece of it projected from the stack, or that the pile was too high, or that it was placed on uneven ground, or any other defect in the pile or its surroundings. All we have is that the piece fell.

That is precisely what appeared in *Weston v. Hillyer,* above, and in *Holmes v. Davis,* Director General, 126 S. C. 231, 119 S. E. 249; something fell and injured the servant.

In the *Weston case* the plaintiff was working on the Cooper River bridge, where a walkway was to be constructed. Suspended along the handrails, and attached thereto by wire at both ends, were steel bars about 30 feet long and about six inches wide. One of these bars, suspended above the place where the plaintiff was at work, fell upon him and injured his leg. The Court affirmed an order of nonsuit of the trial Judge, and said that there was not a particle of evidence that the weight of the bar of steel was too great for the strength of the wires; there was no proof that the wires broke, or that they slipped; there was proof that there were hundreds of other bars of like size and weight so suspended, and that this was the only one that fell. "It is possible that other laborers may have leaned or sat upon the beam, and brought about its fall. It is possible that work being done elsewhere on the bridge might have jarred the beam and loosened the wires which held it and caused it to slip and fall. There is no proof of what caused the fall; the whole thing is left to conjecture. And that matter may not be left to conjecture," [160 S. C. 541, 159 S. E. 392.]

In the *Holmes case* [126 S. C. 231, 119 S. E. 250], above, the evidence was that the plaintiff was filling a cotton waste press and leveling the top of the waste with his hand, when the plunger fell on his arm. Such a fall had never occurred before. The Court held that this was insufficient for submission to the jury on the question of the defendant's negligence in failing to furnish a safe place. The Court said that there was not a particle of evidence to sustain the allegation that the machine was defective, other than the inference that it must have been defective or it would not have fallen as it did. It added that "this, under the authorities cited, is not sufficient to carry the case to the jury." And it was said "So the cause of the unexpected dropping of the plunger * * * is left to 'conjecture, surmise, speculation, or supposition,' and whether the injury was or not due to the negligence of the master."

To the same effect is *Watson v. Charleston Stevedoring Co.,* 141 S. C. 355, 139 S. E. 778. There the plaintiff was helping unload a ship. He was standing on the deck, when suddenly a rope or guy line, attached to a swinging boom, broke and swung loose, wrapped itself around the neck of the plaintiff and hurled him to the wharf. The Court approved an order of nonsuit, which held that there was no evidence of any defect in the rope. "The bare proof shows only that the rope broke and as to what caused it to break is left wholly to conjecture. There is not a scintilla of evidence of any failure to inspect, of the rope being too small or subjected to too heavy a strain, or that it was worn, or rotten, or otherwise defective, or that it was subjected to any sudden jerk or of any other facts or circumstances tending to show negligence on the part of the defendant."

In the instant case to say that the mere fact that the timber fell is evidence of an unsafe place provided by the master would be to apply the rule of *res ipsa loquitur,* to indulge in surmise and conjecture, and to try the case as if under the workmen's act instead of under the rules of the common law.

In view of this holding it will not be necessary for me to dwell at length on the other grounds of the motion, as to assumption of risk and contributory negligence, but as I believe that it ordinarily is the duty of the trial Judge to rule on all the grounds, I will simply say that such grounds are overruled.

For the reasons stated it is ordered that the verdict of the jury be, and the same hereby is, set aside, and judgment is granted in favor of the defendants notwithstanding the verdict.