## 18122

James HODGE, Respondent, v. FORESTER TRUCKING COMPANY and K. P. Forester, Jr., Appellants

(133 S. E. (2d) 246)

*Edward V. Atkinson, Esq.,* of Sumter, *for Appellants,*

*Messrs. G. Werber Bryan* and *A. S. Bahnmuller,* of Sumter, *for Respondent,*

November 12, 1963.

LEWIS, Justice.

The plaintiff was employed by the defendant Forester Trucking Company, Inc., and worked under the supervision of the defendant K. P. Forester, Jr., a vice-president of the corporate defendant. While so employed on June 18, 1960, the plaintiff sustained personal injuries from a fall which allegedly resulted from the negligent acts of the defendant K. P. Forester, Jr., for whose actions the defendant Forester Trucking Company, Inc., is concededly liable. This action was subsequently instituted by the plaintiff for the recovery of damages for the personal injuries so sustained. The trial of the case resulted in a verdict for the plaintiff against the defendants for the sum of $6,500.00, actual damages. From the judgment so entered, the defendants have appealed.

The defendants allege error in the refusal of the trial judge to grant their motions, timely made, for nonsuit, directed verdict and judgment *non obstante*

*veredicto.* The sole issues on appeal involve the contentions (1) that the testimony failed to show any actionable negligence on the part of the defendants and (2) that the plaintiff was guilty of contributory negligence which bars recovery. In determining these questions we must consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the plaintiff. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692. Our statement of the facts is so limited.

On the occasion in question the plaintiff was engaged, along with other employees, including the defendant K. P. Forester, Jr., in installing plywood sides on the body of a truck trailer. Another truck trailer, about thirty feet in length, had been placed alongside the one in question so that the workmen would have a platform upon which to work. The plywood sides were being attached by means of bolts to iron pipe standards already in place. To do so, it was necessary to drill holes through the plywood siding and the iron pipe standards, and a one-half inch electric drill weighing approximately twenty-five pounds was being used for the purpose. There were already holes through the standards but apparently these had to be enlarged by reaming them with the drill bit. In enlarging a hole it was necessary to align the drill bit with the hole on the opposite side of the pipe.

At the time of his injury, the plaintiff was operating the above-mentioned drill and was engaged in drilling or enlarging a hole in one of the standards. He was standing about two feet from the rear end of the trailer, with the electric cord running from the drill along the body of the trailer to an outlet in a nearby building about 50 or 60 feet away. The defendant K. P. Forester, Jr., was sitting near the front of the same trailer body, about twenty feet from the plaintiff, engaged in bolting the sides to the standards, and was inadvertently sitting on the electric cord. This held the cord and deprived the plaintiff of sufficient slack in it to properly align and operate the drill. The plain-

tiff did not know what was holding the cord and made inquiry of another workman as to the trouble, whereupon Forester suddenly turned around and pulled on the cord. The pull by Forester on the electric cord, which was attached to the drill being operated by the plaintiff, caused the plaintiff to fall from the trailer to the ground. In the fall the plaintiff sustained rather serious personal injuries.

Citation of authority is unnecessary for the well settled principle that, while the defendants were not insurers of the safety of the plaintiff, the duty rested upon them to provide him with a reasonably safe place and environment in which to work and would be liable for negligence.

We think that the testimony, viewed in the light most favorable to the plaintiff, sustains an inference of negligent conduct on the part of the defendant K. P. Forester, Jr., in suddenly pulling on the electric cord in such manner as to cause the plaintiff to fall from the truck body, the place which the defendants had provided for him to work. The defendant K. P. Forester, Jr., was supervising the work being done by the plaintiff. He knew, or was chargeable with knowledge, that the plaintiff was operating the electric drill at the time, that the drill could not be properly aligned and operated without sufficient slack on the cord, that the performance of the work required the plaintiff to stand in close proximity to the edge of the trailer body, and that, while holding and operating the heavy electric drill, the balance of the plaintiff could be easily upset. In spite of such knowledge and the duty to exercise due care to provide a safe place in which to work, the defendant sat upon the electric cord with the effect of depriving the plaintiff of sufficient slack on the cord to properly operate the drill, and then suddenly pulled the cord in such manner as to cause the plaintiff to lose his balance and fall from the place provided for him to work. The defendant created the danger to the plaintiff of falling by suddenly pulling the electric cord. From such circumstances the jury

could reasonably infer negligence on the part of the defendants, and the trial judge properly submitted such issue to the jury for determination.

We also think that the testimony presented a jury issue as to whether plaintiff was guilty of contributory negligence. It could be inferred that the plaintiff had no reason to anticipate that his foreman, knowing that his attention was devoted to the operation of the electric drill, would pull the electric cord attached to the drill in such manner as to cause him to fall from the trailer. The evidence gives rise to the reasonable inference that the plaintiff was operating the electric drill in a proper manner, standing where his work required him to be, and that, but for the negligent acts of the defendant K. P. Forester, Jr., the plaintiff's injuries would not have been sustained.

While they differ in certain respects, the cases of *Boling v. Woodside Cotton Mills*, 171 S. C. 34, 171 S. E. 9, and *Barnwell v. Elliott et al.*, 225 S. C. 62, 80 S. E. (2d) 748, sustain our conclusion that the lower court properly submitted the issues to the jury for determination.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.