## 19895

Elizabeth THORBURN, Respondent, v. SPARTANBURG THEATRES, INC., Appellant

208 S. E. (2d) 919

*Louis P. Howell, Esq.,* of *Ward, Howell, Barnes & Long,* of Spartanburg, *for Appellant,*

*Messrs. Loy E. Bryant,* and *Paul R. Hibbard* of *Johnson, Smith & Hibbard,* of Spartanburg, *for Respondent,*

October 7, 1974.

BRAILSFORD, Justice:

The defendant, Spartanburg Theatres, Inc., leased space in its Capri Theatre building in the City of Spartanburg to plaintiff, Elizabeth Thorburn, for the operation of a jewelry store. On May 30, 1971, before the day advertised for her opening sale, plaintiff's new stock, equipment and fixtures

were damaged in a fire which largely destroyed the theatre. Alleging that the fire and her consequent loss were caused by the lessor's negligence, plaintiff recovered judgment against the defendant for $18,000.00, from which it appeals on the sole ground that the court erred in refusing its motion for a directed verdict because of the insufficiency of the evidence to establish that the fire was caused by its negligence. In passing upon this issue, we must view the evidence, and the inferences therefrom, in the light most favorable to plaintiff. Hence, in the summary below, conflicts and inconsistencies are simply resolved in plaintiff's favor without stating the opposing evidence.

The old building was purchased by the defendant in 1967 and renovated at a cost of $80,000.00. Inferably, the electrical system was left out of this program, although the main switch panel or fuse box was seriously defective and obsolete, and the wiring in the building was badly deteriorated. A month before the fire an electrician, who was frequently called in to make repairs, pulled a section of the old wire in attempting to restore service to the marquee and, because of its deteriorated condition, replaced it with new wire. In the interest of safety, he recommended to the manager that all of the wiring in the building, which he judged to be in like condition, and the defective switch box be replaced. Upon transmitting this recommendation to his superior, the manager was instructed to do no more than was needed to restore service to the marquee.

For at least a year prior to the fire, electrical circuits in the building frequently became overloaded and blew fuses. These were routinely replaced by employees of the theatre with 30 ampere fuses which were kept on hand, although most of the circuits were rated 15 amperes. The electrician testified that with this mismatch "the wire would get twice as hot before it would kick the fuse," and that this was an unsafe condition. While the electrician properly matched the fuses and circuits on his last call to the theatre, he gave no instructions to the employees, and there is no evidence

that they discontinued the indiscriminate use of 30 ampere fuses as replacements were required.

Without going into further detail, we are satisfied with the sufficiency of the evidence to support a jury finding that the defendant negligently maintained its electrical system in such a defective condition as to constitute a fire hazard.

Before leaving the theatre on the night of the fire, the manager and assistant manager made a careful inspection of the premises. The janitor was cleaning up trash and debris, which he later placed in plastic containers behind the stage. The seats were checked, row by row, for burning cigarettes, with especial care in the balcony where the floor was of wood. Finding nothing amiss and after ascertaining that only the janitor remained in the building, the manager left at about 12:30. The electric current was not switched off, and certain lights were left burning upstairs as well and on the ground floor.

The fire was detected at about 3:00 A. M. burning in the upstairs area, from whence it soon engulfed the entire building. There was no lightning on that night. The fire inspector, who was unable to ascertain the cause of the fire, testified that his investigation ruled out the possibility of arson. There was no accumulation of material likely to induce spontaneous combustion, and no probable cause of the fire, except the defective electrical system, was suggested.

Pointing to the absence of direct testimony as to the cause of the fire, the defendant argues that the jury's conclusion that it was of electrical origin is unsupported by evidence and rests on sheer speculation. We disagree.

The circumstances under which the fire originated and its destructive effect precluded direct proof of its cause, to which plaintiff, an innocent victim of the fire, was a stranger. Of necessity, she had to rest her case on evidence tending to establish the defendant's negligence in maintaining a defective electrical system, a notorious

cause of fire, and evidence tending to disprove any other likely cause. We recognize that "difficulty of proof does not relieve plaintiff of the burden of proof, yet in a situation like this, the Court should take a very liberal view of the testimony." *Brock v. Carolina Scenic Stages & Carolina Cas. Co.,* 219 S. C. 360, 366, 65 S. E. (2d) 468, 470 (1951). We are convinced that the evidence warranted a reasonable inference that the fire was caused by defendant's failure to properly maintain the electrical system, which required submission of the case to the jury, even though the evidence did not exclude all possibility of some other cause of plaintiff's injury. *Rivers v. State Highway Department,* 186 S. C. 493, 196 S. E. 172 (1938); *Barnwell v. Elliott,* 225 S. C. 62, 80 S. E. (2d) 748 (1954).

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.