15407

EICKHOFF v. BEARD-LANEY, INC., *ET AL.*

(20 S. E. (2d), 153)

November, 1941.

Messrs. *Walker, Walker & Jenkins,* of Summerville, S. C., counsel for appellants,

*Mr. J. D. Parler,* St. George, S. C., and Messrs. *Robinson & Robinson,* of Columbia, S. C., counsel for respondent,

May 11, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

Plaintiff was an occupant of her husband's automobile operated by him on his right side of the center of the paved highway, State No. 2, near Summerville, in the early afternoon of a clear day in August, 1941, when it was struck without warning from behind by a gasoline tank truck, which is a defendant as are the owner and the insurer of the latter as a public carrier.

The Eickhoffs and a young lady guest were en route from their home in Chattanooga to Charleston to visit their son who was employed at the navy yard and they had motor trouble earlier in the day, stopping at Williston for service where advice was given by a mechanic that the automobile should not be run over twenty-five or thirty miles an hour, and the speed was thus thereafter limited. The collision was of such force that the automobile was thrown from the point of contact one hundred and twelve feet into an adjacent field where it knocked down one fence post of unusually large size and came to rest up and astride another. The truck and trailer went to the left after the impact about the same distance and landed in a nearby ditch.

Mrs. Eickhoff was hurled out of and a considerable distance from her car, was rendered unconscious by many injuries and was thereafter a patient in the Dorchester Hospital for about four weeks and was still suffering from some of her injuries, alleged to be permanent, at the time of the trial of the action.

She brought the latter for damages for her personal injuries and in her complaint set forth many specifications of alleged careless and negligent operation of the truck, among them excessive and unreasonable speed, failure to keep a proper lookout, lack of control, failure to turn to the left in order to avoid the collision and insufficient brakes.

She testified at the trial, as did the other occupants of the automobile, including Mr. Eickhoff, the driver. None saw or heard the approaching truck before it struck the rear of their automobile and there was no other or approaching ve-

hicle,, thus there is no direct testimony establishing the allegations of negligence or other cause of the event except it, itself, and its marks, signs and effects, many of which were covered by the testimony.

The only other witness for the plaintiff was the highway patrolman who investigated the wreck, arriving on the scene a few minutes afterward. He testified as to the position and condition of the wrecked vehicles, the evidence upon the pavement establishing the place of the collision on the driver's right of the center, that the highway was there straight, and was about to testify as to statements made to him by the operator of the truck when the evidence was objected to by counsel for defendants and the Court held that it was hearsay and not admissible as a part of the *res gestae.*

The defendants moved for a nonsuit upon the ground that there was no proof of negligence on the part of any of the defendants, and upon the overruling of the motion announced that they would offer no evidence and thereupon moved for a direction of the verdict for them upon the same ground, which was likewise overruled. Verdict was returned for the plaintiff.in the full amount sued for, $3,000.00, and motion for a new trial was made upon the ground stated and overruled.

The appeal is upon three exceptions, but appellants' counsel aptly say in argument that they raise the single question: "Is there any evidence or proof that the injuries complained of were the result of, or caused by, the negligence of the defendants, or any of them?"

They frankly challenge the Court to adopt the generally accepted, but often misunderstood, rule of evidence commonly known as *res ipsa loquitur,* without which adoption they argue that the judgment in this case must be reversed for lack of evidence to sustain plaintiff's allegations.

As is well known the Courts of this State have consistently declined to subscribe to the theory mentioned. Possibly our last utterance on the subject is

found in *Boylston v. Armour & Co.,* 196 S. C., 1, 12 S. E. (2d), 34, where it was expressly said that the doctrine is not of force here but it was held that the evidence in that case, of results rather than directly of a cause moving from the defendant's act, was sufficient for the jury to reasonably infer negligence.

We know of no better brief discussion of the subject than is found in 38 Am. Jur., in its treatment of negligence beginning with Paragraph 295, on page 989; we quote sparingly from pages 992, 993 (See also the notes there cited in the various annotated series.) :

"It is important in considering the *res ipsa loquitur* doctrine and its application and effect in given cases, to distinguish that doctrine from the principle that negligence may be established by circumstantial evidence. Failure to observe this distinction has led to some uncertainty   *   *   *.

"In other words, in the situation to which *res ipsa loquitur* as a distinctive rule applies, there is no evidence, circumstantial or otherwise, at least none of sufficient probative value, to show negligence, apart from the postulate, which rests on common experience and not on specific circumstances of the instant case, that physical causes of the kind which produced the accident in question do not ordinarily exist in the absence of negligence, that is, in the absence of a breach of duty such as defendant owed to plaintiff. *Rejection of the doctrine of res ipsa loquitur does not mean that negligence may not be established by circumstantial evidence as well as by direct evidence.*" (Emphasis added.)

(For this the text cites in footnote *Gantt v. Columbia Coca-Cola Bottling* Co., 193 S. C., 51, 7 S. E. (2d), 641, 645, 127 A. L. R., 1185, in which this Court tersely said: "The doctrine of *res ipsa loquitur,* as this Court has repeatedly held, is not a part of the law of this State; and hence is wholly irrelevant. It scarcely needs to be added, however, that obviously this does not mean that negligence may not be. established by circumstantial evidence as well as direct evidence.")

"*Res ipsa loquitur* and circumstantial evidence have been distinguished upon the question whether the circumstances proved point merely to the physical cause of the occurrence, without having any tendency to indicate the responsible human agency, or, upon the other hand, have some tendency to indicate some fault of omission or commission upon the part of the defendant. If the former, it is necessary to invoke the rule of *res ipsa loquitur,* which is applicable to the fact of negligence only, in order to make out a *prima facie* case of negligence; if the latter, the general principle, which is applicable to all matters of fact, that a fact may be established *prima facie* by circumstantial evidence, suffices, without invoking the distinctive doctrine of *res ipsa loquitur.*"

There are sufficient references above to the complaint to show that the plaintiff has not pitched her case and claim upon *res ipsa loquitur*; on the contrary she alleged numerous acts of negligence which she undertook to prove by the testimony of all of the occupants of her car, including herself, and of the highway investigating officer, that the automobile was moving at a reasonable rate of speed on its right of the center of the road, under perfect control in clear daylight and on a straight, open highway on which no other vehicles were approaching from the other direction, and was suddenly and violently, without warning, struck in the rear by the defendant truck and trailer, and the evidence includes the distances which the respective vehicles traveled off the road after the collision and the conditions in which they were found.

In our opinion this is quite ample evidence from which the jury could have, and did, reasonably infer negligence, particularly in view of the fact that the circumstances and conditions clearly implied violations by the driver of the truck of numerous provisions of the highway Code of this State, Act No. 175 of the Acts of 1937, approved April 16th of that year, 40 Stat., 222, which come within the specifications of negligence contained in the com-

plaint—to mention some: to lessen speed necessary to avoid a collision (Section 2); to overtake and pass another vehicle by turning to the left (Section 8); and the restriction against following another vehicle too closely (Section 12). It is unnecessary to cite authority that the violation of an applicable statute is negligence *per se* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily, and here, a question for the jury. Incidentally there is no issue in this case of contributory negligence; strangely enough the defendants did not plead it and, as stated above, offered no evidence in their behalf.

In ably urging their position appellants have cited two former decisions of this Court which we have carefully considered. The first is *Cubbage v. Roos,* 181 S. C., 188, 186 S. E., 794, in which it was held that the trial Judge did not err in holding on motion for new trial that he should have directed a verdict in favor of the defendants on the issue of punitive damages despite testimony that the driver of the vehicle involved was violating a statute requiring a speed at that place of only twenty miles per hour. There the question was whether the violation of the statute was sufficient evidence in that case of willfulness, while here there is no question of the latter and punitive damages were not sought, so in our opinion that case is not at all applicable to this.

Counsel specifically refer to the holding of the Court there that the driver's failure to stop the car for one hundred and sixteen feet after striking the plaintiff's intestate was of no probative value upon the reckless or willful state of mind of the driver, with which latter we are not here concerned; but the Court went on to say that under the terrifying circumstances present it was probably natural for him to be momentarily paralyzed into inaction. The facts of that case are entirely unlike this for this reason, at least, that here the patrolman's testimony was to the effect that skid marks were found by him on the pavement from about the point of the collision to the position in which the truck and trailer came

to rest, plainly indicating the application of brakes by the driver of the truck at the instant of the collision.

The facts of the *Cubbage case* are interesting to compare and contrast with those here involved. There a child darted suddenly in the nighttime in front of a lighted and moving vehicle while here in the sunlight of early afternoon the car in which plaintiff was riding was moving along an unobstructed, straight highway clearly on its right half of the road at a speed of from twenty-five to thirty miles per hour when suddenly and without warning it was struck from behind by the truck and trailer defendant. Surely there is nothing in common in the cases.

The other case relied upon is *Leek v. New South Exp. Lines,* 192 S. C., 527, 7 S. E. (2d), 459, 462, where is found an enlightening discussion of the efficacy of circumstantial evidence and from which we quote, without the many supporting authorities cited, the following :

"The rule of criminal law that where circumstantial evidence is relied upon, the facts proved must be such as to preclude every other hypothesis but the guilt of the accused, does not apply in civil cases. In civil actions every other reasonable conclusion need not be excluded; proof of circumstances warranting a given inference is sufficient in such cases.   *   *   *

"The right to recover on circumstantial evidence for death resulting from another's negligence depends upon the reasonable and logical connection such proof establishes between the death and the negligent act alleged to have caused it. It is incumbent upon the plaintiff, in the absence of direct evidence, to show the existence of such circumstances as would justify the inference that the injury which caused the death was due to the wrongful act of the defendant, and not leave the question to mere speculation or conjecture. *The facts and circumstances shown should be reckoned with in the light of*

*ordinary experience and such conclusions deduced therefrom as common sense dictates."* (Emphasis added.)

So far from containing conflict with the conclusion which we have reached in the case at bar, we think that the rule of the *Leek case* is that applied here and that the facts now before us constitute a proper situation for application of it. Its applicability in the *Leek case* to an action for death does not take away from the propriety of applying it to this, an action for personal injuries. The present case was more easily provable because of the presence and ability of the plaintiff to testify, which she has done, and the similar availability of her fellow passengers; and the present case is dependent upon circumstantial evidence to the extent only that none of the witnesses actually saw the truck collide with the passenger car or was able before to perceive the driver's speed, his failure to stop or his failure to turn to the left in order to avoid the collision, but the other evidence of the collision and such delicts is not circumstantial but direct; and it was far from necessary in this case for the plaintiff to resort to the questioned doctrine of *res ipsa loquitur,* which, as we have seen, she did not.

It was held in the *Leek case* that it could not be reasonably inferred from the direct and circumstantial evidence presented that the defendant truck was on the *wrong* side of the highway; in striking contrast it is undisputed in the evidence in this case that the truck was on the *wrong* side.

Turning again to Am. Jur., we find in its discussion of evidence the following which we quote with approval from Volume 20, pages 259, 260:

"In the absence of a statute or a valid contractual provision to the contrary, circumstantial evidence is regarded by law as competent to prove any given fact in issue in a civil case *and is sometimes as cogent and irresistible as direct and positive testimony.* Upon the issue of reasonableness of conduct all the surrounding circumstances become facts material to the case.

"In actions *ex delicto* evidence of the relevant conditions and circumstances surrounding and relating to the tortious acts complained of is admissible in order that the jury may draw the inferences, if any, which they create. Negligence and freedom from contributory negligence may be shown by circumstantial, as well as by direct, proof, and to this end in negligence actions any evidence of the conditions and circumstances leading up to and surrounding the accident out of which the cause of action arose which will throw light upon the conduct of the parties and the care or lack of care exercised by them at the time of the accident is admissible. In actions for injuries arising out of an automobile collision, evidence as to the position of the automobile, the atmospheric conditions at the time of the accident, the speed at which the automobile was driven at or shortly before the accident, the condition of its brakes, the tire tracks, skid marks, its position at the time of, and immediately after, the accident, and the type, size, and weight of the vehicle are all matters which are relevant and admissible. *In many instances facts can be proved only by circumstantial evidence.*" (Emphasis added.)

And from the subject of automobiles in the same work, 5 Am. Jur., 849 *et seq.,* the following quotations are taken:

"It may be stated generally that in an action growing out of an automobile accident any evidence of the conditions and circumstances leading up to and surrounding the accident which will throw light upon the conduct of the parties and the care, or lack of care, exercised by them, is admissible. It is proper to admit testimony showing the position of the wheel tracks of the vehicle involved in the accident * * *. Evidence that occupants of an automobile were hurled out of it is always competent, as bearing on the force of the collision. Evidence that the defendant's car, on hitting another car, lifted it bodily in the air, hurled it 20 or 25 feet, and turned it around, contradicts evidence that defendant's car was going only from 12 to 20 miles an hour."

· "Proof which tends to fix the relative positions of vehicles at the time of the accident is generally viewed as pertinent to the question of the degree of care properly exercisable at that time and is admissible subject only to the broad rules of relevancy and competency applicable to other situations. Evidence tending to show the positions of vehicles immediately after the accident tends to throw light on the issue of speed and direction of the vehicles' movements prior to, and at the time of, the accident. An eyewitness may describe the position of the vehicles with respect to each other and with relation to a street intersection."

Many of the items of evidence referred to in the foregoing text were offered and received in the trial of this case as has been pointed out, and the record does not disclose objection by appellants' counsel for irrelevancy or other incompetence. Why was such evidence offered by plaintiff and received by the Court? To ask is, in our view, to answer—to prove the allegations of negligence in the complaint.

With the record full, as we have seen, of this evidence, tending to prove at least some of the specifications of negligence, how can appellants say with any degree of logic that the verdict can only be sustained by application of the doctrine of *res ipsa loquitur?* We do not think that they can.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.