### ROSS T. SIMREL v. ROY MEELER.

(Filed 25 November, 1953.)

**1. Automobiles §§ 14, 18h (2), 18h (3)—**

Evidence favorable to plaintiff tending to show that both plaintiff's and defendant's cars were traveling in the same direction at nighttime, each with front and tail lights burning, that defendant's car, following plaintiff's car, and traveling at a much faster speed, crashed into the rear of plaintiff's car and that defendant immediately admitted that he did not see plaintiff's car before his vehicle struck it, *is held* to support the trial court's refusal to nonsuit plaintiff's cause, either on the issue of negligence or contributory negligence.

**2. Damages § 11—**

While the measure of damages for a tortious injury to personal property is the difference in the market value of the property immediately before and immediately after the injury, evidence of the cost of repairs made

necessary by the injury is competent to shed light upon the question of the difference in market value.

**3. Automobiles § 18a: Pleadings § 22c—**

Where the facts alleged in the complaint are sufficient to imply by a fair and reasonable intendment that defendant failed to keep a proper lookout, the court has the discretionary power even after judgment to permit plaintiff to amend to allege specifically such failure. Further, the court has the authority to allow such amendment even if the original complaint does not allege by necessary implication defendant's failure to keep a proper lookout. G.S. 1-163.

APPEAL by defendant from *Crisp, Special Judge,* and a jury, at May Term, 1953, of GASTON.

Civil action to recover damages for injury to the plaintiff's automobile which was struck in the rear by the defendant's automobile when both vehicles were traveling in the same direction.

The collision occurred about 1:30 a.m. on 10 May, 1952, upon State Highway 74 in Gaston County. Both sides offered evidence at the trial.

These issues arose on the pleadings and were submitted to the jury:

1. Was the plaintiff's automobile damaged as a result of the negligence of the defendant, as alleged in the complaint?

2. If so, did the plaintiff, through his negligence, contribute to such damages?

3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant?

4. Was the defendant's automobile damaged by the negligence of the plaintiff, as alleged in the counterclaim and answer?

5. What amount of damages, if any, is the defendant entitled to recover of the plaintiff?

The jury answered the first issue "Yes," the second issue "No," and the third issue "$300.00." It left the fourth and fifth issues unanswered. The trial judge awarded the plaintiff judgment against the defendant for $300.00 and costs, and the defendant excepted and appealed.

*Mullen, Holland & Cooke for plaintiff, appellee.*
*Basil L. Whitener for defendant, appellant.*

ERVIN, J. The assignments of error raise these questions of law:

1. Did the trial judge err in refusing to dismiss the plaintiff's action upon a compulsory nonsuit after all the evidence on both sides was in?

2. Did the trial judge err in permitting the plaintiff to testify that he expended $300.00 to repair the damage done to his automobile in the collision?

3. Did the trial judge err in permitting the plaintiff to amend his complaint after all the evidence on both sides was in so as to allege in explicit terms that the defendant failed to keep a reasonably careful lookout?

We consider these questions in their numerical order.

There was sharp conflict in the testimony offered by the parties at the trial. We omit reference to the evidence adduced by the defendant because it is not necessary to an understanding of the questions arising on the appeal.

The plaintiff's evidence made out this case:

The night was fair, and the roadway was dry. The plaintiff and the defendant drove their respective automobiles westward along the highway, which was virtually straight for a distance of 250 yards to the east of the place of collision. The plaintiff's automobile, which was the forward vehicle, was being driven at the rate of 15 miles an hour, and the defendants' automobile, which was the following vehicle, was being operated at the speed of 50 miles an hour. Both automobiles displayed burning head and tail lights. Nothing whatever obstructed the defendant's view of the plaintiff's automobile as the rapidly moving following vehicle neared and overtook the slowly moving forward vehicle. Yet the defendant drove his automobile into the lighted rear end of the plaintiff's automobile, causing substantial damage to both vehicles. The defendant immediately admitted that he did not see the plaintiff's automobile before his vehicle struck it.

This evidence is ample to support conclusions that the defendant was guilty of negligence proximately causing the collision and that the plaintiff was not contributorily negligent. This being true, the trial judge rightly refused to nonsuit the plaintiff's claim. *Beaman v. Duncan,* 228 N.C. 600, 46 S.E. 2d 707; *Hobbs v. Mann,* 199 N.C. 532, 155 S.E. 163; *McCoy v. Fleming,* 153 Kan. 780, 113 P. 2d 1074; *Sutherland v. McGee,* 329 Mass. 530, 109 N.E. 2d 175; *Jennings v. Bragden,* 289 Mass. 595, 194 N.E. 697; *Eickhoff v. Beard-Laney, Inc.,* 199 S.C. 500, 20 S.E. 2d 153, 141 A.L.R. 1010; *Lasater Lumber Co. v. Harding,* 28 Tenn. App. 296, 189 S.W. 2d 583; *Kinsey v. Brugh,* 157 Va. 407, 161 S.E. 41; *Clausen v. Jones,* 191 Wash. 334, 71 P. 2d 362.

The plaintiff gave evidence concerning the market value of his automobile before and after the collision. It was competent for him to testify additionally that he expended a specified sum to repair the damage sustained by his vehicle in the collision. Although the measure of damages for a tortious injury to personal property is the difference in the market value of the property immediately before and immediately after the injury, the cost of the repairs necessitated by the injury may be shown in evidence. This is so because the law is realistic enough to recognize

that the cost of the necessary repairs has a logical tendency to shed light upon the question of the difference in market value. *Guaranty Co. v. Motor Express,* 220 N.C. 721, 18 S.E. 2d 166; *Farrall v. Garage Co.,* 179 N.C. 389, 102 S.E. 617; *Kohnle v. Carey,* 80 Ohio App. 23, 67 N.E. 2d 98.

The plaintiff avowed from the beginning of the trial that the defendant was negligent in that he failed to keep a reasonably careful lookout. After all the evidence on both sides was in, the defendant asserted for the first time that the complaint did not charge him with negligence in that respect. The plaintiff moved at this point for leave to amend his complaint so as to allege in explicit terms "that the defendant . . . failed to keep a proper lookout," and the trial judge thereupon entered this order: "The court in its discretion will permit the plaintiff to amend the pleadings so as to more fully set forth the allegation that the defendant was not keeping a proper lookout." The plaintiff amended his complaint accordingly subsequent to the entry of the judgment.

The original complaint is not deficient in the respect asserted by the defendant. To be sure, it does not specifically say that the defendant failed to keep a reasonably careful lookout. But it does state in express terms facts conforming to the plaintiff's evidence and showing exactly how the plaintiff claims the collision happened, and the fact that the defendant failed to keep a reasonably careful lookout can be implied by fair and reasonable intendment from the facts expressly stated. *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620.

The legal position of the defendant would not be improved a single jot or tittle if the original complaint did not allege by necessary implication that the defendant failed to keep a reasonably careful lookout. The deficiency in the original complaint would be corrected in such case by the proceeding had under the order allowing the amendment, which finds full sanction in this statutory provision: "The judge . . . may, before and after judgment, in furtherance of justice, . . . amend any pleading . . . when the amendment does not change substantially the claim or defense, by conforming the pleading . . . to the fact proved." G.S. 1-163; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276.

The appellant had not shown legal error. As a consequence, the trial and judgment must be upheld.

No error.