CAROLINA POWER & LIGHT COMPANY v. ROBERT MASTON PAUL.

(Filed 29 April, 1964.)

**1. Damages § 4—**

The measure of damages for injury to personal property in this State is ordinarily the difference between the fair market value of the property immediately before and immediately after the injury, but when the property has no market there can be no market value, and in such instances the measure of damages may properly be gauged by the cost of repairs.

**2. Same—**

In this action to recover for tortious destruction of a power pole, the transformer attached to it, and a part of the transmission line and guy wire, it *is held* the court properly instructed the jury that the measure of damages was the out-of-pocket expenses of repair and replacement of the damaged facilities, less salvage value of the replaced parts.

APPEAL by defendant from *McConnell, J.*, in Chambers, February 28, 1964, RICHMOND Superior Court.

The facts are stipulated. The defendant lost control of his automobile while driving on the public highways, crashed into the defendant's power pole, destroying the pole, the transformer attached to it, a part of the transmission line, and guy wire. In order to restore its disrupted service, the plaintiff made all necessary repairs at a cost of $182.65.

The only difference in the contention of the parties involves the proper measure of damages. The plaintiff contends it is entitled to recover the cost of repairs, less the salvage value of the replaced parts. The defendant claims the plaintiff installed a new pole and a new transformer more valuable than the old ones and that the proper measure of damages should be the difference in the market value of the damaged property immediately before and immediately after the damage.

Judge McConnell held: ". . . (T)he measure of damages recoverable by plaintiff is the actual, out-of-pocket expenses of repairs and replacement of its damaged facilities, provided such expenses are reasonable," and awarded damages in the amount claimed by the plaintiff. The defendant excepted and appealed.

*Leath, Blount & Hinson by Robin L. Hinson for defendant appellant.*
*Bynum & Bynum by Fred W. Bynum, Jr. and J. A. Weeks for plaintiff appellee.*

HIGGINS, J.   North Carolina is committed to the general rule that the measure of damages for injury to personal property is the differ-

ence between the market value of the damaged property immediately before and immediately after the injury. The purpose of the rule is to pay the owner for his loss. If the damaged article has market value, the application of the before and after rule is relatively simple. Even in that case, however, the cost of repairs is some evidence of the extent of the damage. *Simrel v. Meeler*, 238 N.C. 668, 78 S.E. 2d 766. However, if there is no market, there can be no market value. The foundation for the before and after rule is lacking. Cost of repairs is then about the only available evidence of the extent of the loss. Ordinarily, power systems are not on the market. Less so are small component parts of the system.

The authorities on damage recognize the difficulty of fixing damages for the type of injury here involved. The following appears in McCormick, Damages, p. 166, § 44, 3rd ed.: "The expression 'market value' in this latter instance becomes a vague ideal rather than a reasonably definite standard. The notion that there is a 'market' for such a unique property stretches the metaphor almost to the breaking point."

This Court held in *Phillips v. Chesson*, 231 N.C. 566, 58 S.E. 2d 343: "The courts, always moving toward rules of general application to frequently recurring situations, have evolved many rules which achieve the merit of convenient application and easy provability at the expense of a nearer approach to reality in the particular case. Amongst them is the rule, sometimes called ordinary, that the measure of damages recoverable for injury to property is the difference between the market value immediately before the injury and the market value immediately afterwards. This rule, which can be an approximation to truth in a limited number of cases, is often too remote from the factual pattern of the injury and its compensable items to reflect the fairness and justice which the administration of the law presupposes. For that reason it is applied with caution, and often with modifications designed to relax its rigidity and fit it to the facts of the particular case."

In *Waters v. Lumber Co.*, 115 N.C. 649, 20 S.E. 718, the Court said: "He (plaintiff) could recover for unlawful obstruction of the ditches the cost of removing the obstruction, and for destroying fences the cost of replacing them."

The Court of Appeals of Louisiana, in *Southwestern Electric Power Co. v. Canal Ins. Co.*, 121 So. 2d 769, had before it a question similar to that presented here: "The total expenses incurred by plaintiff were actual, direct out-of-pocket expenses incurred by reason of the tortious act. The plaintiff is, in our opinion, entitled to recover its actual loss in wages and material and is entitled to be restored in the same position it was in prior to the accident."

The Supreme Court of New Jersey, in *New Jersey Power & Light Co. v. Mabee,* 197 A. 2d 194, in a *per curiam* opinion, passed on substantially the question before us. In answering the argument that damages should be reduced by the amount of difference in the value of the old pole destroyed and the new one replacing it, the Court said: "It seems to us that the true issue is whether the replacement of the pole did more than make plaintiff whole and whether, if it did, it would be just to make the victim of the wrong contribute so much of the cost as would reflect that further benefit. . . . In short, at least upon the record before us, we cannot say with reasonable assurance that the installation of a new pole did more than remedy the wrong done. An injured party should not be required to lay out money, as defendants' approach would require, upon a questionable assumption that one day its worth will be recaptured."

The Third District Appellate Court of Illinois, in *Central Illinois Light Co. v. Stenzel,* 195 N.E. 2d 207, held: "Where property had been damaged and can be repaired, true measure of damages is reasonable cost of repairs, providing that such is less than value of property before damage." The purpose of the proviso is to prevent the owner of property from profiting by the injury.

As authority for its claim of credit for the difference in value between the new pole and the old one, the defendant cites a memorandum opinion by New York Supreme Court, Appellate Division, Fourth Department, in the case of *Niagara-Mohawk Power Corp. v. Smith,* 11 A.D. 2d 905, 202 N.Y.S. 2d 794. The memorandum does not appear to support the defendant's position; but if it does, the other cases appear to be based on sounder reasoning.

The cost of repairs furnishes the more satisfactory test by which to determine the plaintiff's damages; however, the defendant was properly given credit for the salvage value of the replaced parts. The record fails to show the repairs perceptibly increased the value of the plaintiff's property.

In this case a rule more satisfactory than that applied by Judge McConnell does not occur to us. The judgment of the Superior Court is
 Affirmed.