TRIAD CONSTRUCTORS, INC., NOW KNOWN AS JESCO, INCORPORATED V. R. F. MORRIS, SR.

No. 7421DC1054

(Filed 7 May 1975)

1. **Evidence § 41— testimony not invasion of province of jury**
   In a counterclaim action for breach of contract in failing properly to elevate the floor of a building constructed by plaintiff for defendant, testimony by defendant's witness that if the floor of the building had been constructed a certain distance higher there would have been

more of a slope available for drainage from the back of the lot toward the front did not invade the province of the jury.

**2. Damages § 13— diminution in value — cost of repairs**

Testimony as to the cost of repairs was properly admitted on the question of "diminution in value" in an action for breach of contract in the construction of a building.

**3. Damages § 13; Contracts § 29— improper construction of building — damages — capitalization of income method**

In a counterclaim action for breach of contract in failing properly to construct a building, the trial court did not err in the admission of expert testimony as to "diminution in value" based on the value of the building if properly constructed, the return on investment under an existing lease, and what the reduced value of the property would be in order to give a similar rate of return.

APPEAL by plaintiff from *Alexander, Judge.* Judgment entered 18 July 1974 in District Court, FORSYTH County. Heard in the Court of Appeals 20 February 1975.

Plaintiff instituted this action to recover the sum of $4,452.00 pursuant to a contract between the parties. In his complaint, plaintiff alleged that it was to construct a metal building for defendant at a price of $23,288.00 and that only $18,876.00 had been paid, leaving a balance due of $4,412.00 plus $40.00 for additional work on the building. Defendant answered, denying plaintiff's claim. Defendant also counterclaimed asking for recovery of $10,000.00 for planitiff's breach of contract in that plaintiff failed properly to elevate the floor of the building, causing a water problem. The jury returned a verdict awarding defendant $6,929.93. From judgment entered on the verdict, plaintiff appealed.

*Berrell F. Shrader and Raymond D. Thomas, for plaintiff appellant.*

*Jack F. Canady for defendant appellee.*

MARTIN, Judge.

Defendant offered evidence tending to show that at the time he entered into the contract he indicated a concern to plaintiff about a possible water problem if the building was constructed too low. The building was constructed on a lot which drained from back to front according to its slope. After the first rain, defendant noticed water running into the building and standing around the outside of the building.

Constructors, Inc. v. Morris

[1]   Harold Swain testified for defendant, over plaintiff's objection, that if the concrete floor of the building had been constructed five and three-quarter inches higher then there would have been more of a slope available for the drainage of water from the back of the lot toward the front. Plaintiff contends that Mr. Swain's testimony should have been excluded because the jury could have drawn the same conclusion from the evidence. We disagree. Mr. Swain was hired by defendant to pave the lot around the building and had vast experience in this business. He also dealt with drainage problems. He was better qualified than the jury to form such an opinion, and the jury benefited from his experience.

[2]   Plaintiff also contends that it was error to admit testimony concerning the cost of repairs required to correct the water problem where the "diminution in value" was the proper measure of damages due to the substantial repair cost. We find no error here. As stated by Justice Ervin in *Simrel v. Meeler*, 238 N.C. 668, 78 S.E. 2d 766 (1953), "[T]he law is realistic enough to recognize that the cost of the necessary repairs has a logical tendency to shed light upon the question of the difference in market value." The trial court properly instructed the jury as to whether they should measure damages by the "cost of repair" or by the "diminution in value" of the building and the amount to be credited to plaintiff. This assignment of error is overruled.

[3]   Plaintiff further contends that it was error to allow Ray Johnson, an expert in property evaluation, to testify as to the value of the premises as promised and the value actually received by defendant—that is, the "diminution in value". Johnson testified that defendant was damaged in the amount of $10,500.00. He explained his valuation as follows: The premises were actually leased to a tenant for a term of ten years. (According to testimony of the tenant, the tenant was unaware of a water problem when he leased the building.) Based on the rent under the existing lease, Johnson calculated defendant's return on his investment (about 10%). Johnson then estimated the reduced rental value of the building due to the water problem and determined what the reduced value of the premises would be in order to give defendant a similar rate of return. This latter figure represented the value of the building as actually received by defendant with the water problem. Subtracting the value of the building as built from the value if properly constructed, Johnson found a difference of $10,500.00. We find nothing wrong in this

method. It appears to be just another way to determine the diminution in value of business property resulting from a breach of contract by the builder. This assignment of error is overruled.

Plaintiff's remaining assignment of error is also overruled.

No error.

Chief Judge BROCK and Judge VAUGHN concur.