IN THE MATTERS OF: MICHAEL PAUL DAVIS, BENJAMIN WESLEY STIDD, JASON EDWARD RIVAS, STEPHEN H. HAYSLER

No. COA96-1003

(Filed 15 April 1997)

**1. Infants or Minors § 145 (NCI4th)— juveniles—failure to make motion to dismiss—sufficiency of evidence not presented**

Respondent juveniles were precluded from challenging the sufficiency of evidence presented at a juvenile delinquency proceeding where they failed to move for a dismissal of the juvenile petitions at trial.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 98.**

**Applicability of double jeopardy to juvenile court proceedings. 5 ALR4th 234.**

**2. Infants and Minors § 145 (NCI4th)— juvenile—failure to renew motion to dismiss**

While respondent Haysler moved for a dismissal at the end of the state's presentation of evidence, respondent's failure to renew the motion at the close of his presentation of evidence prevented him from challenging the sufficiency of the evidence on appeal. N.C.R. App. P. 10(b)(3).

**Am Jur 2d, Trial §§ 953, 1051.**

**Adequacy of defense counsel's representation of criminal client regarding speedy trial and related matters. 6 ALR4th 1208.**

**3. Infants or Minors § 131 (NCI4th)— juveniles—restitution—market value of automobiles—error**

The trial court erred in requiring each of four juveniles to pay $1,000 in restitution for damages to their victim's automobiles where the evidence presented at trial and the remarks made by the judge unquestionably indicated that the market value of the automobiles was less than the amount of restitution.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 12.**

**IN RE DAVIS**

[126 N.C. App. 64 (1997)]

**Measure and elements of restitution to which victim is entitled under state criminal statute. 15 ALR5th 391.**

**Jurisdiction or power of juvenile court to order parent of juvenile to make restitution for juvenile's offense. 66 ALR4th 985.**

Judge GREENE dissenting.

Appeal by respondents from orders entered 9 May 1996 by Judge S.M. Williamson in Onslow County District Court. Heard in the Court of Appeals 24 March 1997.

*Attorney General Michael F. Easley, by Special Assistant Attorney General Gwynn T. Swinson, for the State.*

*Samuel S. Popkin for respondent-appellant Michael Paul Davis.*

*Ann D. Maready for respondent-appellant Benjamin Wesley Stidd.*

*Larry J. Miner for respondent-appellant Jason Edward Rivas.*

*Mark E. Raynor for respondent-appellant Stephen H. Haysler.*

WYNN, Judge.

In March 1996, Joseph Morton filed petitions alleging respondents were delinquent juveniles in that they injured his personal property, seven automobiles, in violation of N.C. Gen. Stat. § 14-160 (1993). The trial court found each respondent delinquent and ordered that each be placed on probation for one year. The trial court ordered that as a condition of probation each respondent pay Joseph Morton $1,000.00 in restitution. Respondents appeal.

**[1]** Respondents argue the trial court erred by adjudicating them to be delinquent. Essentially, they contend the State failed to present sufficient evidence that they committed the offenses.

N.C. Gen. Stat. § 7A-631 (1995) provides that "all rights afforded adult offenders" are conferred upon respondents in juvenile adjudicatory hearings with certain exceptions not applicable in this case. A juvenile respondent "is entitled to have the evidence evaluated by the same standards as apply in criminal proceedings against adults." *In re Dulaney*, 74 N.C. App. 587, 588, 328 S.E.2d 904, 906 (1985). A respondent juvenile may challenge the sufficiency of the evidence by moving

IN RE DAVIS

[126 N.C. App. 64 (1997)]

to dismiss the juvenile petition. *In re J. A.*, 103 N.C. App. 720, 407 S.E.2d 873 (1991).

N.C.R. App. P. 10(b)(3) provides that "[a] defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in the case of nonsuit, at trial." Respondents Davis, Stidd, and Rivas did not move to dismiss the juvenile petitions at trial. They are therefore precluded from raising any issue as to the sufficiency of the evidence presented at trial. *See State v. Spaugh*, 321 N.C. 550, 364 S.E.2d 368 (1988).

**[2]** N.C.R. App. P. 10(b)(3) further provides that a motion to dismiss made at the close of the State's evidence is waived if the defendant presents evidence. The rule requires that a defendant must again move to dismiss the charge at the close of all the evidence in order to challenge the sufficiency of the evidence on appeal. Respondent Haysler concedes that although he moved to dismiss the juvenile petitions at the close of the State's evidence, he presented evidence and failed to renew his motion at the close of all the evidence. Respondent Haysler is therefore precluded from challenging the sufficiency of the evidence presented at trial. *See State v. Elliott*, 69 N.C. App. 89, 316 S.E.2d 632, *appeal dismissed and disc. review denied*, 311 N.C. 765, 321 S.E.2d 148 (1984).

**[3]** Respondents' only argument properly before this Court is that the trial court erred by requiring as a condition of probation that each of them pay $1,000.00 in restitution to the victim. They contend the State presented insufficient evidence to support that amount. We agree.

N.C.G.S. § 7A-649(2) (1995) grants the trial court authority to require that restitution be made "to any person who has suffered loss or damage as a result of the offense committed by the juvenile." An order of restitution must be supported by appropriate findings of fact, and those findings must in turn be supported by some evidence in the record. *In the Matter of Hull*, 89 N.C. App. 138, 365 S.E.2d 221 (1988).

The General Assembly has defined restitution as "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action." N.C.G.S. § 15A-1343(d) (1988). In *Light Co. v. Paul*, 261 N.C. 710, 136 S.E.2d 103 (1964), our Supreme Court recognized that "North Carolina is committed to the general rule that the

measure of damages for injury to personal property is the difference between the market value of the damaged property immediately before and immediate after the injury." *Id.* at 710-11, 136 S.E.2d at 103-04. This difference may be established by showing the reasonable cost of necessary repairs to restore the property to its previous condition. *Id; Simrel v. Meeler,* 238 N.C. 668, 78 S.E.2d 766 (1953); *Guaranty Co. v. Motor Express,* 220 N.C. 721, 18 S.E.2d 116 (1942); *Cooper Agency v. Marine Corp.,* 46 N.C. App. 248, 264 S.E.2d 768 (1980). However, the cost of repair is an appropriate measure for determining damages " *'provid[ed] that such is less than value of property before damage.'* The purpose of th[is] proviso is to prevent the owner of property from profiting by the injury." *Light Co.,* 261 N.C. at 712, 136 S.E.2d at 105 (quoting *Central Illinois Light Co. v. Stenzel,* 195 N.E.2d 207, 210 (Ill. App. 1963)) (emphasis added).

In this case, the trial court ordered each respondent to pay $1,000.00 in restitution to Joseph Morton for damage done to his automobiles based upon Morton's testimony that he received an estimate that it would cost $4,685.00 to return the automobiles to the state they were in before they were vandalized. However, the record indicates that the seven vehicles were not worth $4,000.00 before defendants damaged them. The seven vehicles at issue were a 1965 Plymouth, a 1973 Ford Truck, a 1972 Mazda, a 1975 Ford pickup truck, a 1966 Pontiac Grand Prix, a Honda Civic, and a Chevy Vega. Morton testified that the vehicles had been on his lot for at least ten years (some since 1966), none of them were capable of being driven, he considered some of them to be "junk cars," and he kept these vehicles for the sole purposes of selling parts and storage. He also admitted that he did not tag the cars as he did not intend for them to be driven and therefore, he did not list them as personal property with the Onslow County Tax Office. At the sentencing hearing, the trial court addressed the juveniles and said the following:

> *And I guarantee you that those vehicles probably are not worth what you're paying for them,* but it would cost that to put them back in the shape they were in before you tore them up. And they're worth more to him than they are to anybody else. And you can't pay for sentimental value, I don't care what price you put on them . . . If he wants to say they're worth five thousand dollars, then that's his business. That's his property.

(emphasis supplied). Unquestionably, these remarks show that the trial court found the market value of these vehicles to be less than

**IN RE DAVIS**

[126 N.C. App. 64 (1997)]

$4000.00. Therefore, since the evidence in the record does not support the amount of restitution ordered, we remand to the trial court for a redetermination of damages.

Remanded.

Judge McGEE concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree with the majority that restitution in juvenile court must be determined in accordance with the same standards used to establish restitution in adult court. *See* N.C.G.S. § 7A-631 (1995) (all rights afforded adult offenders are conferred upon juveniles); *In re Dulaney*, 74 N.C. App. 587, 588, 328 S.E.2d 904, 906 (1985) (juvenile entitled to have evidence evaluated by the same standards as apply to criminal proceedings against adults). I also agree that the cost of repair of personal property is a proper measure of damage only if the cost of repair is not materially greater than the value of the property before the harm. *See* 22 Am. Jur. 2d *Damages* § 432, at 517 (1988) ("it is not prudent to assume that repairs would be made if the cost of repairs would be materially greater than the value of the chattel before the harm").

I do not, however, agree that the evidence in this case "indicates that the seven vehicles were not worth $4,000.00" prior to the damage caused by the respondents. Joseph Morton, the owner, testified that each of the seven vehicles had a minimum value, before they were damaged, of $650.00 or a total value of $4,550.00. He also testified that the cost to repair the seven vehicles was $4,685.00. The respondents did not object to this testimony and they did not offer any contrary evidence.

The uncontradicted evidence, therefore, is that the cost of the repairs is not materially greater than the value of the vehicles prior to the date they were damaged. The cost of repairs was accordingly a proper measure of the damages and the trial court did not err in ordering restitution in the amount of $4,000.00, a sum less than the cost of repair. I would therefore affirm the trial court.