IN THE MATTER OF: MARCELLO WILSON, JUVENILE

No. COA01-1557

(Filed 17 September 2002)

**Juveniles— delinquency—simple affray**

The trial court did not err by adjudicating the juvenile a delinquent based on a petition alleging simple affray in violation of N.C.G.S. § 14-33(a) even though defendant alleged self-defense, because: (1) the juvenile does not contest that the State has presented substantial evidence of each of the elements of simple affray; and (2) the credibility of the witnesses and the weight of the evidence was for the trial court sitting as a jury.

Appeal by juvenile from order dated 21 March 2001 by Judge Karen A. Alexander in Carteret County District Court. Heard in the Court of Appeals 20 August 2002.

**IN RE WILSON**

[153 N.C. App. 196 (2002)]

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*James Q. Wallace, III for Juvenile Appellant.*

GREENE, Judge.

Marcello Wilson (Juvenile) appeals from an order dated 21 March 2001 adjudicating him a delinquent juvenile on a petition alleging simple affray in violation of N.C. Gen. Stat. § 14-33(a).

The incident alleged in the petition occurred on 20 October 2000, at the end of a physical education class at Broad Creek Middle School. Juvenile was sitting in the school gymnasium when he was approached by a classmate who pulled him off the bleachers. An altercation between the two ensued. After the two separated, Juvenile picked up a trumpet case in an attempt to pursue his assailant but stopped at the instruction of his teacher.

On 21 March 2001, a hearing was held on the petition and at that hearing, Juvenile denied the allegations.[1] The case proceeded to hearing and at the close of the State's evidence, Juvenile moved to dismiss the petition. The motion was denied and evidence was then presented on Juvenile's behalf and arguments were made by counsel. The motion to dismiss was not renewed. At the close of all evidence, Juvenile was "found to be responsible" and adjudicated delinquent.[2]

The dispositive issue is whether there was substantial evidence of the elements of the crime, simple affray, in light of the Juvenile's claim of self-defense.[3]

1. We are aware some attorneys representing juveniles charged with delinquent acts respond "not responsible" when asked in court how the juvenile pleads to the petition. The proper inquiry is whether the juvenile "admits" or "denies" the allegations of the petition and the proper response is that the allegations are either "admitted" or "denied." *See* N.C.G.S. § 7B-2407-2408 (2001).

2. Again, we note trial judges, after hearing the evidence in a juvenile delinquency proceeding, often find the juvenile either "responsible" or "not responsible," as occurred in this case. While the intent of the trial court in this case is not ambiguous, the correct procedure is for the trial court to find the allegations of the petition have either been "proved" or "not been proved." N.C.G.S. § 7B-2411 (2001).

3. Juvenile's first assignment of error is whether the trial court committed reversible error by denying his motion to dismiss at the close of the State's evidence. This assignment of error was waived under N.C.R. App. P. 10(b)(3) when Juvenile presented evidence and thus, we do not address this argument. *See In re Davis*, 126 N.C. App. 64, 66, 483 S.E.2d 440, 442 (1997).

Juvenile argues the trial court should have dismissed the petition on the grounds his evidence of self-defense compels a dismissal.[4] We disagree.

An affray is a "fight between two or more persons in a public place so as to cause terror to the people." *In re Drakeford*, 32 N.C. App. 113, 118, 230 S.E.2d 779, 782 (1977) (citing *State v. Huntly*, 25 N.C. 418 (1843)). A claim of self-defense may be used to defeat a charge of affray where the juvenile or defendant is without fault in provoking, engaging in, or continuing a difficulty with another. *See State v. Allred*, 129 N.C. App. 232, 235, 498 S.E.2d 204, 206 (1998); *see also State v. Harrell*, 107 N.C. 944, 946-7, 12 S.E. 439, 440 (1890).

Self-defense, when asserted in a criminal or a juvenile delinquency case, cannot serve as a basis for dismissing the case. *Cf. State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (the trial court must disregard defense evidence unless it supports the State's case in considering a motion to dismiss). Evidence in support of the defense is to be considered, along with the other evidence in the case, to determine whether there is substantial evidence of each of the elements of the crime or delinquent act. *See In re Heil*, 145 N.C. App. 24, 28-29, 550 S.E.2d 815, 819 (2001). If there is substantial evidence of each of the elements, the motion to dismiss is properly denied. *Id.* at 28, 550 S.E.2d at 819. If the case is being presented to a jury and there is substantial evidence of self-defense, the trial court is required to instruct the jury on self-defense. *State v. Hayes*, 130 N.C. App. 154, 178, 502 S.E.2d 853, 869-70 (1998), *aff'd in part and dismissed in part*, 350 N.C. 79, 511 S.E.2d 302 (1999). If the case does not involve a jury, as in a delinquency case, the trial court is to consider the evidence of self-defense and, if it finds the evidence persuasive, enter a finding that the allegations of the petition are "not proved." *See* N.C.G.S. § 7B-2411.

In this case, Juvenile does not contest that the State has presented substantial evidence of each of the elements of simple affray. Accordingly, the trial court did not err in failing to dismiss the petition at the close of all the evidence. Furthermore, as the credibility of the witnesses and the weight of the evidence was for the trial court

---

4. Juvenile's failure to renew his motion to dismiss after he had presented evidence subjects this assignment of error to dismissal under N.C.R. App. P. 10(b)(3). *See Davis*, 126 N.C. App. at 66, 483 S.E.2d at 442. Nonetheless, we exercise our discretion under N.C.R. App. P. 2 and address the merits of this argument.

**IN RE WILSON**

[153 N.C. App. 196 (2002)]

(sitting as a jury), *see In re Simmons*, 24 N.C. App. 28, 32-33, 210 S.E.2d 84, 87-88 (1974), the trial court did not err in rejecting the evidence on self-defense and adjudicating Juvenile a delinquent juvenile. *See Heil*, 145 N.C. App. at 30, 522 S.E.2d at 820.

Affirmed.

Judges TIMMONS-GOODSON and HUNTER concur.