IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-156

No. COA21-215

Filed 15 March 2022

North Carolina Industrial Commission No. TA-27110

CARL L. BREWTON, Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Defendant.

Appeal by Plaintiff from Decision and Order entered 23 October 2020 by Vice-Chair Myra Griffin for the North Carolina Industrial Commission. Heard in the Court of Appeals 16 November 2021.

*Carl Brewton, Pro Se.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Elizabeth B. Jenkins, for the Defendant-Appellee.*

DILLON, Judge.

Plaintiff is a prison inmate who is seeking damages for his books that he alleged were negligently destroyed by a prison officer.

## I. Background

Plaintiff is an inmate at the Tabor Correctional Institute. While under the State's custody, a correctional officer seized and destroyed Plaintiff's law books, which he was using for legal research for his own defense in a criminal case. The officer

believed Plaintiff was in violation of Section F.00503(b) of the facility rules that govern the amount of legal materials an inmate may possess.

¶ 3    Plaintiff filed a *pro se* tort claim with the Industrial Commission. After a full evidentiary hearing, the deputy commissioner entered an order denying Plaintiff's claims, finding that Defendant had not acted negligently. Plaintiff appealed that decision to the Full Commission.

¶ 4    The Full Commission reversed the prior decision, finding that Defendant had acted negligently. The Commission awarded Plaintiff $100 for the loss of use and enjoyment of his legal books; however, it did not grant Plaintiff any damages for the value of the books. Plaintiff timely appealed to our Court.

## II. Analysis

¶ 5    Defendant's negligence is undisputed on appeal. The only issue before us is whether the Full Commission correctly calculated Plaintiff's damages.

### A. Standard of Review

¶ 6    Our standard of review from an order of the Industrial Commission is limited to whether competent evidence supported the findings of fact and whether such findings justify the conclusion and decision of the Commission. *Henry v. A. C. Lawrence Leather Co.*, 231 N.C. 477, 479, 57 S.E.2d 760, 762 (1950). "While the commission is not required to make findings as to each fact presented by the evidence, it is required to make specific findings with respect to crucial facts upon which the

question of *plaintiff's right to compensation depends.*" *Gaines v. L. D. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977) (emphasis added).

## B. Damages

¶ 7 Plaintiff argues that the Commission failed to make any award for the loss of the value of his books, merely awarding "$100.00 in damages *for the loss of use and enjoyment* of his ten legal books" (emphasis added). Plaintiff presented some evidence regarding the value of the books; however, the Commission never addressed the value as a measure of damages in its award.

¶ 8 Our General Statutes direct that "the Commission shall determine the amount of damages that the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of damages[.]" N.C. Gen. Stat. § 143-291(a) (2018). And our Supreme Court has held that "[t]he amount of damages to be awarded is a matter which the statute leaves to the discretion of the Commission." *Brown v. Charlotte-Mecklenburg Bd. of Educ.*, 269 N.C. 667, 671, 153 S.E.2d 335, 339 (1967).

¶ 9 It is undisputed that Defendant negligently destroyed Plaintiff's books. Where a plaintiff's property is destroyed through the negligence of a defendant, the plaintiff is entitled to damages equal to the value of that property. *See Carolina Power & Light Co. v. Paul*, 261 N.C. 710, 710-11 136 S.E.2d 103, 104 (1964) ("North Carolina is committed to the general rule that the measure of damages for injury to personal

property is the difference between the market value of the damaged property immediately before and immediately after the injury."); *see also Shera v. N.C. State Univ. Veterinary Teaching Hosp.*, 219 N.C. App. 117, 126, 723 S.E.2d 352, 357 (2012) ("The current law in North Carolina is clear that the market value measure of damages applies in cases involving the negligent destruction of personal property[.]")

¶ 10    In this appeal, there is no challenge by either party regarding the Commission's award of $100 for Plaintiff's *loss of use* of his books. What is before us is whether the Commission erred by failing to consider whether Plaintiff was entitled to be compensated for the value of the books themselves, after finding that Plaintiff's books were indeed destroyed through the negligence of Defendant. A tribunal's failure to exercise discretion is essentially an abuse of discretion. *See Myers v. Myers*, 269 N.C. App. 237, 256, 837 S.E.2d 443, 456 (2020). As there is nothing in the order suggesting that the Commission made any determination regarding Plaintiff's claim for damages based on the value of the books, we conclude that it is appropriate to remand to allow the Commission to make this determination.

## III. Conclusion

¶ 11    "If the findings of fact of the Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the cause must be remanded to the Commission for proper findings of fact." *Hansel v. Sherman Textiles*, 304 N.C. 44, 59, 283 S.E.2d 101, 109-10 (1981).

Here, we conclude that the Full Commission erred by not including any findings of fact nor conclusions of law pertaining to the actual value of the destroyed books. Though the Full Commission has discretion to determine the *amount* of the award, it is appropriate for us to remand where it appears that the Commission never exercised this discretion. We, therefore, remand this matter and direct that the Commission reconsider its award to Plaintiff and base any claim on the appropriate measure of damages, including the value of the books destroyed through Defendant's negligence.

VACATED AND REMANDED.

Judges MURPHY and GORE concur.