An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-96

Filed 5 November 2025

Polk County, No. 22CR343043-740

STATE OF NORTH CAROLINA

v.

JOHN BRIAN TAYLOR

Appeal by Defendant from Judgment entered 12 June 2024 by Judge Clifton H. Smith in Polk County Superior Court. Heard in the Court of Appeals 11 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Kimberly D. Potter, for the State.*

> *W. Michael Spivey for Defendant-Appellant.*

HAMPSON, Judge.

### Factual and Procedural Background

John Brian Taylor (Defendant) appeals from a Judgment entered upon a jury verdict finding him guilty of Indecent Liberties with a Student. The Record before us tends to reflect the following:

On 7 August 2023, Defendant was indicted on one count of Indecent Liberties with a Student. The indictment alleged the offense took place on 15 November 2022 at a local public high school, where Defendant was employed as a teacher at the time.

Defendant's trial began on 11 June 2024. Defendant moved to dismiss for insufficient evidence after the close of the State's case-in-chief; the trial court denied this Motion.[1] Defendant then put on evidence. At the close of all evidence, Defendant's trial attorney did not renew his Motion to Dismiss. The jury returned a verdict finding Defendant guilty of Indecent Liberties with a Student.

The trial court entered a Judgment sentencing Defendant to 6 to 17 months of imprisonment. The trial court suspended this sentence and placed Defendant on supervised probation for thirty months. Defendant was also required to register as a sex offender for thirty years.

Under his suspended sentence, Defendant was subject to the regular conditions of probation, including the requirement of gainful employment.[2] At sentencing, the trial court stated Defendant "may be employed in public retail, provided that it is not a retail establishment geared towards children, such as a toy store, and that establishment has video cameras."

---

[1] Trial counsel's exact words were to "ask the Court to consider a motion for dismissal under 15A-1227, this being, of course, at the end of the State's evidence. Judge, I have nothing more to say on the motion." It is undisputed this statement was a motion for dismissal for insufficiency of the evidence to sustain a conviction under N.C. Gen. Stat. § 15A-1227.

[2] N.C. Gen. Stat. § 15A-1343(b)(7) (2023) ("As [a] regular condition[] of probation, a defendant must . . . [r]emain gainfully and suitably employed or faithfully pursue a course of study or of vocational training that will equip him for suitable employment.").

In its written Judgment, under "Special Conditions of Probation - G.S. 15A-1343(b1)[,]" the trial court provided, in relevant part:

> The defendant shall also comply with the following special conditions of probation which the Court finds are reasonably related to the defendant's rehabilitation:
>
> . . . .
>
> 22. Other: . . . MAINTAIN GAINFUL EMPLOYMENT, . . . . EMPLOYMENT ALLOWED IN RETAIL AS LONG AS IT'S NOT GEARED TOWARD CHILDREN AND HAS VIDEO SURVALIANCE. [sic]

Defendant timely filed Notice of Appeal on 25 June 2024.

## Issues

The issues are whether: (I) the denial of Defendant's Motion to Dismiss is preserved for our review; (II) the Record is sufficient to review Defendant's ineffective assistance of counsel claim on direct review; and (III) the trial court abused its discretion by imposing special probation conditions requiring Defendant not be employed in retail businesses geared towards children or that do not have video surveillance.

## Analysis

I.    Preservation

Defendant first argues the trial court erred by failing to dismiss the charge of Indecent Liberties with a Student where the evidence did not show he acted to "arouse or gratify sexual desire." Because Defendant failed to preserve this issue for

appeal and we determine there is no reason to invoke Rule 2 of the North Carolina Rules of Appellate Procedure, we decline to reach the merits of this issue.

"[A] motion to dismiss made at the close of the State's evidence is waived if the defendant presents evidence. The rule requires that a defendant must again move to dismiss the charge at the close of all the evidence in order to challenge the sufficiency of the evidence on appeal." *In re Davis*, 126 N.C. App. 64, 66, 483 S.E.2d 440, 442 (1997) (concluding juvenile's argument was waived after juvenile's failure to renew motion to dismiss after presenting evidence); N.C. R. App. P. 10(a)(3) (2025).

Here, Defendant concedes he presented evidence and failed to renew his Motion at the close of all evidence. Therefore, Defendant did not preserve this argument and has waived appellate review on this issue. *See In re Davis*, 126 N.C. App. at 66, 483 S.E.2d at 442.

Acknowledging his failure to properly preserve the issue, Defendant requests this Court invoke Rule 2 of the North Carolina Rules of Appellate Procedure to reach his argument. Rule 2 concerns this Court's power to "suspend or vary the requirements or provisions of any of these rules in a case pending before it" in order "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C. R. App. P. 2 (2025). "Rule 2 discretion should be exercised 'cautiously' and only in 'exceptional circumstances.'" *State v. Baldwin*, 240 N.C. App. 413, 422, 770 S.E.2d 167, 174 (2015) (quoting *State v. Williams*, 201 N.C. App. 161, 173, 689 S.E.2d 412, 418 (2009)). "[W]hether an appellant has demonstrated that his matter

is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis." *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 603 (2017) (citations and footnote omitted), *disc. rev. allowed on add'l issues*, 371 N.C. 343, 813 S.E.2d 849 (2018) (Mem.). After reviewing Defendant's arguments and the Record on appeal, we conclude Defendant has not shown extraordinary circumstances meriting the invocation of Rule 2. In the exercise of our discretion, we decline to invoke Rule 2 and dismiss Defendant's arguments as to the denial of his Motion to Dismiss for insufficient evidence.

II.     Ineffective Assistance of Counsel

Defendant next contends his trial counsel was constitutionally deficient because he did not renew the Motion to Dismiss at the close of all evidence. In general, ineffective assistance of counsel (IAC) claims should be considered through motions for appropriate relief and not on direct appeal. *See State v. Dockery*, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985) ("The accepted practice is to raise claims of ineffective assistance of counsel in post-conviction proceedings, rather than direct appeal."); *State v. Ware*, 125 N.C. App. 695, 697, 482 S.E.2d 14, 16 (1997) (dismissing the defendant's appeal because issues could not be determined from the record on appeal and stating that to "properly advance these arguments, defendant must move for appropriate relief pursuant to G.S. 15A-1415[.]"). A motion for appropriate relief is preferable to direct appeal because in order to "defend against ineffective assistance of counsel allegations, the State must rely on information provided by defendant to

trial counsel, as well as defendant's thoughts, concerns, and demeanor. Only when all aspects of the relationship are explored can it be determined whether counsel was reasonably likely to render effective assistance." *State v. Buckner*, 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000) (citations, quotation marks, and alteration omitted).

"IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001) (citations omitted). However, "should the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding." *Id.* at 167, 557 S.E.2d at 525 (citation omitted).

In order to prevail on an IAC claim, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); *see also State v. Braswell*, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985) (adopting *Strickland* standard for IAC claims under N.C. Const. art. I, §§ 19, 23).

Here, we are unable to decide Defendant's IAC claim based on the "cold record" on appeal. *Fair*, 354 N.C. at 166, 557 S.E.2d at 524 (citations omitted). We thus

conclude "further development of the facts would be required before application of the *Strickland* test[.]" *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (citation omitted). Therefore, we dismiss Defendant's IAC claim without prejudice to permit Defendant to pursue a motion for appropriate relief in the trial court.

III.    <u>Probation Conditions</u>

A challenge to a trial court's decision to impose a condition of probation is reviewed on appeal using an abuse of discretion standard of review. *State v. Allah*, 231 N.C. App. 88, 98, 750 S.E.2d 903, 911 (2013) (citation omitted). Section 15A-1343 of our General Statutes governs conditions of probation. The requirement that defendants "[r]emain gainfully or suitably employed" is among the "regular conditions" of probation automatically included in every probationary judgment, unless the trial court provides for a specific exemption. N.C. Gen. Stat. § 15A-1343(b)(7) (2023). Additionally, N.C. Gen. Stat. § 15A-1343(b1) defines a range of "special conditions" of probation the trial court may impose in its discretion. The trial court may also, in its discretion, require the defendant to "[s]atisfy any other conditions determined by the court to be reasonably related to his rehabilitation." *Id.* § 15A-1343(b1)(10) (2023). "Abuse of discretion results where the trial court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citation omitted).

Here, Defendant contends the trial court abused its discretion by imposing two

special conditions of probation: a prohibition on employment at retail businesses "geared toward children" and a prohibition on employment at retail businesses that lack video surveillance. Defendant specifically contends the limitation on retail employment to those establishments not "geared toward children" is too vague to be reasonably related to his rehabilitation. Further, Defendant contends requiring an employer to have video surveillance is simply not reasonably related to his rehabilitation. However, Defendant, in briefing this case, cites no specific authority which permits this Court to ascertain whether a special condition of probation is overly vague. Nor does Defendant provide any authority to support his argument, on the facts of this case, that requiring an employer to have video surveillance would not be reasonably related to Defendant's rehabilitation.

Thus, on this Record, Defendant has failed to demonstrate the special conditions of probation in this case are unrelated to his rehabilitation. Therefore, the trial court's imposition of these conditions is neither arbitrary nor manifestly unsupported by reason. Consequently, on the facts of this case, the trial court did not abuse its discretion in imposing these two special conditions.

## **Conclusion**

Accordingly, for the foregoing reasons, we dismiss Defendant's appeal of the denial of his Motion to Dismiss, dismiss without prejudice Defendant's IAC claim, and conclude the trial court did not err in entering Judgment on the jury verdicts or abuse its discretion at sentencing.

DISMISSED IN PART; DISMISSED WITHOUT PREJUDICE IN PART; NO ERROR IN PART.

Judges WOOD and GRIFFIN concur.

Report per Rule 30(e).